10-2999-cv
Rojo v. Deutsche Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of May, two thousand twelve.

PRESENT: JON O. NEWMAN,
             CHESTER J. STRAUB,
             GERARD E. LYNCH,
                  *Circuit Judges.*

_____

ANDRES D. ROJO,

                  *Plaintiff-Appellant,*

         v.                               No. 10-2999-cv

DEUTSCHE BANK,

                  *Defendant-Appellee.*[*]

_____

FOR APPELLANT :     DAVID B. BERNFELD (Jeffrey L. Bernfeld, Joseph R. DeMatteo, *on the brief*), Bernfeld, DeMatteo & Bernfeld, LLP, New York, New York.

FOR APPELLEE:      KENNETH J. TURNBULL (Lisa Swanson, *on the brief*), Morgan, Lewis & Bockius LLP, New York, New York.

_____

[*] The original caption misspelled Mr. Rojo's last name, following the erroneous spelling on the covers of the appellant's brief and the appendix. The Clerk of Court is respectfully requested to amend the caption to reflect the correction.

Appeal from the United States District Court for the Southern District of New York (Leonard B. Sand and Harold Baer, Jr., *Judges*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Andres D. Rojo sued defendant-appellee Deutsche Bank ("DB") for breach of contract, unjust enrichment, liability in quantum meruit, promissory estoppel, and fraud and misrepresentation. DB moved for summary judgment on all claims. The district court (Leonard B. Sand, *Judge*) granted the motion as to the breach of contract claims and allowed the remaining claims to proceed to a bench trial (Harold Baer, *Judge*). After that trial, the district court concluded that DB was not liable to Rojo on those remaining claims.

Rojo argues that the district court erred, as a matter of law, in granting summary judgment because (1) the amendments to Rojo's employment contract were not supported by adequate consideration as determined by New York law; (2) even if valid consideration was present, DB subsequently breached the newly amended contract; and (3) DB violated an implied covenant of good faith and fair dealing. Rojo additionally argues that the district court, at trial, erred by failing to address specific facts regarding one aspect of the alleged fraudulent inducement. We assume the parties' familiarity with the underlying facts of the case. Finding each argument without merit, we affirm the judgment of the district court.

2

I. Summary judgment

We review the grant of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

That Rojo's contractual amendments were supported by adequate consideration cannot be doubted. In exchange for Rojo's agreement to amend his employment contract and forgo portions of his compensation originally promised to him, DB agreed to provide additional compensation to the junior members of his team, to alter the composition and timing of Rojo's compensation package in ways favorable to him, and to provide him with greater job security. For a contract to be valid, the consideration exchanged by the parties need not be of equal value. "[T]he value or measurability of the thing forborne or promised is not so crucial so long as it is acceptable to the promisee." Weiner v. McGraw-Hill, Inc., 57 N.Y.2d 458, 464 (1982). Moreover, "[i]t is well established that a benefit conferred on a third party is sufficient consideration to bind the promisor." Formica Constr. Co. v. Mills, 801 N.Y.S. 2d 713, 718 (N.Y. Civ. Ct. Richmond County 2005), citing Mencher v. Weiss, 306 N.Y. 1, 8 (1953); see also 22 N.Y. Jur. 2d, Contracts § 65 at 93 (2011).

Accordingly, the district court correctly concluded that there is no genuine issue of material fact regarding the presence of consideration such that a reasonable jury could find in Rojo's favor. See Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001).

Rojo makes two additional challenges to the district court's grant of DB's motion for summary judgment, claiming that the district court inadequately addressed arguments that DB breached (1) the amended contract, and (2) its duty of good faith and fair dealing in the course of its relationship with Rojo. Both arguments fail. First, Rojo is incorrect that the district court failed to consider his argument that DB breached the amended contract. The district court expressly concluded that "Deutsche performed in accordance with the Original Agreement *and its amendments*." Rojo v. Deutsche Bank, No. 06 Civ. 13574, 2008 WL 4865037 at *6 (S.D.N.Y. Nov. 5, 2008) (emphasis added). While the district court did not analyze the facts supporting that conclusion, Rojo's own argument to this end – both in the complaint and in his opposition to summary judgment – was equally conclusory. Moreover, both in the complaint and in Rojo's opposition to summary judgment, the incompletely-developed argument appears in paragraphs and under headings concerning the alleged absence of consideration for the contractual amendments. The district court thus did not err by responding to conclusory statements with brief conclusions.

Second, Rojo's argument that DB violated its duty of good faith and fair dealing was waived. Rojo mentioned that claim for the first time in his memorandum of law in opposition to summary judgment. We have refused to address the merits of claims raised

4

for the first time at that stage of the litigation.  See Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006); Syracuse Broad. Corp. v. Newhouse, 236 F.2d 522, 525 (2d Cir. 1956) (holding that district court was "justified" in "brush[ing] aside" further argument not alleged in complaint but raised for first time in opposition to summary judgment); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1183, at 23 n. 9 (3d ed. 2004) ("An opposition to a summary judgment motion is not the place for a plaintiff to raise new claims.").

Moreover, the substance of the claimed violation of good faith and fair dealing asserted on appeal differs from that advanced, however belatedly, below.  In his opposition to summary judgment, Rojo argued that DB violated its duty by making "false promises . . . designed to induce [Rojo] and his group to come to DB Bank and then proceeded to chip away at these promises until Plaintiff lost . . . the main objects of his agreement."  Mem. Opp'n at 24.  On appeal, however, Rojo argues instead that DB "violated the covenant by under funding [*sic*] the Latin American bonus pool and then using their own bad faith action as the 'reason' why Rojo should give up his guaranteed compensation."  Appellant's Br. at 22.  As Rojo did not make this argument to the district court, it is waived.  See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

II. Trial

Rojo asserts that the evidence at trial revealed that DB fraudulently induced Rojo to enter into the contract.  "In reviewing a district court's decision in a bench trial, we

review the district court's findings of fact for clear error and its conclusions of law de novo." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001).

Rojo argues on appeal that the district court erred by failing to review all arguments that DB fraudulently induced him into signing the contract. Our review of the record leads us to conclude that the district court addressed these claims without error. The district court thoroughly considered the allegation that DB fraudulently induced Rojo to leave his prior employment, concluding that (1) DB's statements to Rojo were not false, and thus there could be no fraudulent inducement and (2) even if they were false, Rojo could not prove that his reliance on those statements was justifiable as is required under New York law. See Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006). Both conclusions are determinations of fact, and neither is clearly erroneous on the record below.

Rojo further notes that he argued in his post-trial brief that DB fraudulently induced him to agree to amend the original contract by making false representations about the bonus pool from which Rojo and others in the Latin American division would be compensated. Contrary to Rojo's claim that "no findings or holdings were made with respect to this claim," Appellant's Br. at 27, the district court adequately, if briefly, addressed the argument and resolved it, without clear error, on the ground that Rojo could not justifiably have relied on such representations. See Rojo v. Deutsche Bank, No. 06 Civ. 13574, 2010 WL 2560077, at *6 (S.D.N.Y. June 23, 2010).

We have considered the appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court