Christopher J. Cassar, P.C., Appellant,
against
Alicia Spradley, Respondent, and Robert Quarles, Defendant.




Christopher J. Cassar, P.C. (Pierre Bazile of counsel), for appellant.
Alicia Spradley, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated June 15, 2017. The order granted a motion by defendant Alicia Spradley to dismiss so much of the complaint as was asserted against her.




ORDERED that the order is reversed, without costs, the motion by defendant Alicia Spradley to dismiss so much of the complaint as was asserted against her is denied and that portion of the complaint is reinstated. 
In this action, plaintiff Christopher J. Cassar, P.C. seeks to recover legal fees it incurred in connection with its representation of defendant Robert Quarles (Quarles). In the complaint, plaintiff alleged that defendant Alicia Spradley (defendant) had signed a retainer agreement, pursuant to which plaintiff was engaged to provide legal representation for defendant's brother, Quarles, in three separate criminal matters. A copy of the retainer agreement, which was annexed to the complaint, stated, in part: "I, Alicia Spradley & Robert Quarles, hereby retain [plaintiff] to represent Robert Quarles, the Defendant in the criminal charge(s) in connection with the following summons/case/docket numbers . . ." (emphasis in original). The agreement was signed only by defendant, without any indication that she was signing the agreement in a [*2]representative capacity.
Defendant denied liability and thereafter moved to dismiss so much of the complaint as had been asserted against her, claiming, in her supporting affidavit, that, because Quarles had been in jail and thus unable to go to plaintiff's office, she had retained plaintiff on his behalf. Defendant stated that she had signed the retainer agreement because plaintiff's principal, Christopher J. Cassar, had conditioned his acceptance of money for Quarles' defense upon her doing so, but indicated that she had not intended to be involved in the matter herself. Plaintiff opposed defendant's motion, asserting that defendant had signed the retainer agreement and had engaged plaintiff to provide services on behalf of Quarles; that, pursuant to the agreement, plaintiff had provided Quarles with effective legal representation; and that it was entitled to be paid. The District Court granted defendant's motion and, citing CPLR 3211 (a) (1), dismissed the complaint as against her, upon a finding that defendant had acted only as the messenger for Quarles; that there had been no retainer agreement with plaintiff's client, Quarles; that there had been no consideration for the retainer agreement defendant had signed; and that the agreement was void as against defendant. This appeal ensued.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994]). The documentary evidence—the retainer agreement—did not establish a defense against so much of the complaint as had been asserted against defendant (see CPLR 3211 [a] [1]). The retainer agreement named defendant as a party to the contract, without any indication that she had signed as an agent for Quarles, or in any capacity other than in her individual capacity (cf. B & H Assoc. of NY, LLC v Fairley, 148 AD3d 1097 [2017]). There was thus no factual basis in the record for the District Court's dismissal of the matter as against defendant. Furthermore, to the extent that the court found that the retainer agreement was void as against defendant based on a lack of consideration, we note that a benefit conferred on a third party can constitute sufficient consideration to bind a promissor (see Mencher v Weiss, 306 NY 1, 8 [1953]; Formica Constr. Co., Inc. v Mills, 9 Misc 3d 398 [Civ Ct, Richmond County 2005]; Rojo v Deutsche Bank, 487 Fed Appx 586, 588 [2d Cir 2012]; see also 22 NY Jur 2d, Contracts § 64). There was thus no basis in the record for the District Court's determination that, with respect to defendant, there was insufficient consideration for the retainer agreement. Accepting the facts alleged in the complaint as true, according plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 87-88), we conclude that the District Court erred in dismissing so much of the complaint as was asserted against defendant.
Accordingly, the order is reversed, the motion by defendant Alicia Spradley to dismiss so much of the complaint as was asserted against her is denied and that portion of the complaint is reinstated. 
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 02, 2019