■ HAMPTON REALTY OF BRIDGEHAMPTON, INC., Respondent, v THOMAS CONKLIN et al., Appellants, et al., Defendant. [631 NYS2d 887] —In an action to recover a broker's commission, the defendants Francesco Galesi and Thomas Conklin appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated February 17, 1994, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $62,500.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

The weight of the evidence establishes that on or about August 20, 1987, the defendant Thomas Conklin went to the plaintiff's office, met with the plaintiff's principal, Marcel Damiecki, and listed certain property as being for sale, specifying an asking price of $750,000. The evidence also establishes that more than one year later, in October 1988, Mr. Damiecki

viewed the subject property together with the codefendant Francesco Galesi, a potential buyer, who was at that time willing to pay $500,000, an offer which was not acceptable to Mr. Conklin. More than one year after that, in March 1990, Mr. Conklin conveyed the property to Mr. Galesi pursuant to a contract which specified a purchase price of $625,000. The Supreme Court, after a nonjury trial, awarded the plaintiff $62,500, concluding that the plaintiff was entitled to a broker's commission of 10%. For the following reasons, we reverse.

Unlike the Supreme Court, we find that the weight of the evidence establishes not only that Mr. Conklin and Mr. Galesi lived near to and knew one another prior to Mr. Damiecki's showing of the property in 1988, but also that they themselves had already discussed the availability of the property for sale, without any prompting from Mr. Damiecki. We also find that, aside from this single visit to the property, Mr. Damiecki did nothing of any significance to assist in the negotiations between Mr. Galesi and Mr. Conklin. We agree with the appellants that, under all the circumstances presented, the plaintiff cannot be considered the procuring cause of the later sale *(see generally, Greene v Hellman,* 51 NY2d 197; *Sibbald v Bethlehem Iron Co.,* 83 NY 378; *Mollyann, Inc. v Demetriades,* 206 AD2d 415; *Helmsley-Spear, Inc. v Melville Corp.,* 203 AD2d 517; *Levy Wolf Real Estate Brokerage v Lizza Indus.,* 118 AD2d 688).

The Supreme Court found that there was a "special agreement" of the kind that would relieve the plaintiff of the need to demonstrate that it was a "procuring cause" in order to be entitled to a commission *(Greene v Hellman, supra).* We do not agree that, under the facts of this case, Mr. Conklin's alleged oral promise to "protect" the plaintiff's commission created or preserved a right to a commission which would otherwise not have existed *(see, Helmsley-Spear, Inc. v Melville Corp., supra; Lanstar Intl. Realty v New York News,* 206 AD2d 411).

We also note that the evidence establishes, at most, that Mr. Conklin agreed to pay a 10% commission solely in the event of a conveyance of the property in return for the payment of $750,000 or more. The plaintiff's own evidence establishes that the parties reached no agreement as to the amount of the commission in the event of a sale for less than $750,000, and that the parties instead left this open for future negotiation. The Supreme Court had before it no evidentiary basis upon which to assume that the parties would have negotiated a 10% commission on the sale of the property for $625,000 *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Cooper Sq. Realty v A.R.S. Mgt.,* 181 AD2d 551).

Finally, it is noteworthy that the August 1987 brokerage agreement between Mr. Conklin and the plaintiff contained no term as to its duration. A reasonable duration must therefore be implied *(see,* 11 NY Jur 2d, Brokers, § 20; *Donovan v Weed,* 182 NY 43). Under the circumstances of this case, it would not be reasonable to extend the duration of the agreement for a term of more than one year, and we conclude that Mr. Conklin would have had the right, acting in good faith, to terminate the brokerage agreement at any time thereafter *(see, Gross v Valenti,* 202 AD2d 971; *Yaras v Levison Bros. Realty Corp.,* 33 AD2d 831). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.