■ RAPHAEL F. SCOTTO, Respondent, v CHRIS GEORGOULIS et al., Appellants. [932 NYS2d 120]—

The defendants, Chris Georgoulis, Jim Tampakis, Thomas Tampakis, and John Tampakis, formed a corporation in 1985 for the purpose of buying a building in Brooklyn (hereinafter the Building). The corporation then conveyed the Building to the defendants as individual tenants in common, with Georgoulis owning 40%, and each of the Tampakises owning 20%. Georgoulis was also a partner in Pentada Properties (hereinafter Pentada), another real estate investment corporation.

Georgoulis and the plaintiff, Raphael F. Scotto, are both attorneys who formed a law partnership in 1986. Also in 1986, Georgoulis signed a handwritten contract agreeing to sell to Scotto one half of his interest in the Building and Pentada for $50,000. Georgoulis stated in an affidavit that he split his income from the real estate investments with Scotto from that point forward, and that he gave Scotto copies of K-1 forms for the Building as documentation of income received. As late as 2000, Scotto received 20% of the proceeds from a refinancing of the Building. Upon the dissolution of their law partnership in 2001, however, Scotto asked Georgoulis to give him a deed for his 20% interest in the Building, and Georgoulis refused.

Scotto subsequently commenced this action, inter alia, to recover damages for breach of contract, and moved, in effect, for summary judgment on the issue of liability on the cause of action alleging breach of contract. The defendants cross-moved, inter alia, for leave to amend their answer to assert the defense of statute of limitations. In an affidavit submitted in support of the defendants' cross motion, Georgoulis stated that the subject contract gave Scotto only a security interest in the Building, in exchange for a $76,000 loan that Scotto had given him. The Supreme Court granted Scotto's motion and denied the defendants' cross motion. We affirm.

"A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties . . . Ambiguity is determined within the four corners of the document; it cannot be created by extrinsic evidence that the parties intended a meaning different than that expressed in the agreement and, therefore, extrinsic evidence may be considered only if the agreement is ambiguous" (*Brad H. v City of New York*, 17 NY3d 180, 185-186 [2011] [citations and internal quotation marks omitted]). "Whether an agreement is

ambiguous is a question of law for the courts" (*Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009] [internal quotation marks omitted]). Here, the contract states unambiguously that Georgoulis gave Scotto one half of his interests in Pentada and the Building in exchange for $50,000. Although no deed was conveyed to Scotto, the equitable title passed to him upon the execution of a valid contract, and Scotto's "interest in the real property thus came into existence by operation of law" (*Ray v Ray*, 61 AD3d 442, 444 [2009]). Thus, Scotto made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging breach of contract, and in opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted Scotto's motion, in effect, for summary judgment on the issue of liability on the cause of action alleging breach of contract.

The Supreme Court properly denied that branch of the defendants' cross motion which was for leave to amend their answer to assert the defense of statute of limitations, as the defense is totally devoid of merit (*see Schwartz v Sayah*, 83 AD3d 926, 927 [2011]). The contract was not breached until 2001, when Georgoulis refused to turn over the deed at Scotto's request. This action was commenced well within six years of that date (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

The defendants' remaining contentions are without merit. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.