■ STAPLES THE OFFICE SUPERSTORE EAST, INC., Respondent, v FLUSHING TOWN CENTER III, L.P., Appellant. [933 NYS2d 732]—

This commercial lease dispute between the plaintiff, Staples the Office Superstore East, Inc. (hereinafter Staples or the tenant), and the defendant, Flushing Town Center III, L.P. (herein-

after the landlord), came about as a result of Staples' termination of the parties' 15-year lease, prior to taking possession of the subject premises, on the ground that the landlord failed to satisfy a key lease provision setting forth a cotenancy requirement. This provision required that the landlord lease the premises adjacent to Staples' leased premises to a "national retailer having not less than 100 stores and occupying not less than 100,000 square feet." The adjacent premises were subsequently leased to BJ's Wholesale Club (hereinafter BJ's). Staples notified the landlord that it believed BJ's did not satisfy the cotenancy requirement because it was a regional, not a national, retailer. The landlord disputed that contention. Ultimately, Staples commenced the underlying action for a judgment declaring, inter alia, that BJ's was a regional, not a national, retailer and, therefore, the landlord failed to satisfy the cotenancy requirement of the lease and Staples properly terminated the lease. The landlord asserted counterclaims seeking a judgment declaring that Staples had wrongfully terminated the lease, and sought to recover unpaid rent and an attorney's fee. Staples moved and the landlord cross-moved for summary judgment. In the order appealed from, the Supreme Court, inter alia, held that BJ's was a regional, and not a national, retailer, granted those branches of Staples' motion which were for summary judgment on the second, third, fourth, fifth, and sixth causes of action declaring that (a) BJ's Wholesale Club is not a national retailer within the meaning of the lease's cotenancy requirement, (b) the defendant landlord failed to satisfy the cotenancy requirement of section 14.18 of the lease, (c) the plaintiff tenant properly served a cotenancy termination notice, (d) the plaintiff tenant has no obligation to pay any rent under the lease and the lease was duly terminated without any obligations or further liability by the plaintiff tenant to the defendant landlord, and (e) the plaintiff tenant did not default on its obligations under the lease as alleged in the defendant landlord's notice to cure and notice of termination, and said notices are null and void, and denied the landlord's cross motion for summary judgment on its counterclaims. We affirm the order insofar as appealed from.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations"

(*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Gutierrez v State of New York*, 58 AD3d 805, 807 [2009]). In the context of real property transactions, and where a contract is negotiated at arm's length between sophisticated counseled parties, special import must be given (*see M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759 [2010]; *see also Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]) to the rule that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569).

Here, the Supreme Court properly concluded that the plain and ordinary meaning of the term "national" is "nationwide in scope."

Staples met its prima facie burden of establishing its entitlement to a judgment on the second cause of action declaring that BJ's is not a national retailer within the meaning of the lease's cotenancy requirement by its submission of undisputed evidence that BJ's only maintains warehouses in 15 states, principally located along the eastern seaboard and stretching only as far west as Ohio, and does not operate any retail warehouses in the remainder of the United States. In opposition, the landlord failed to raise a triable issue of fact as to whether BJ's retail operations are nationwide in scope (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly determined that Staples was entitled to summary judgment declaring that BJ's is not a "national retailer," as that term is used in the lease.

Since the Supreme Court correctly concluded that BJ's is not a national retailer, the Supreme Court properly determined that Staples was entitled to summary judgment on the third, fourth, fifth, and sixth causes of action declaring that the landlord failed to satisfy the cotenancy requirement of section 14.18 of the lease, that Staples properly served a cotenancy termination notice, and has no obligation to pay any rent under the lease, that the lease was duly terminated without any obligations or further liability by Staples to the landlord, that Staples did not default on its obligations under the lease as alleged in the landlord's notice to cure and notice of termination, and that said notices are null and void.

The landlord's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that (a) BJ's Wholesale Club is not a

national retailer within the meaning of the lease's cotenancy requirement, (b) the landlord failed to satisfy the cotenancy requirement of section 14.18 of the lease, (c) Staples properly served a cotenancy termination notice, (d) Staples has no obligation to pay any rent under the lease and the lease was duly terminated without any obligations or further liability by Staples to the landlord, and (e) Staples did not default on its obligations under the lease as alleged in the landlord's notice to cure and notice of termination, and said notices are null and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur. **[Prior Case History: 30 Misc 3d 1239(A), 2011 NY Slip Op 50405(U).]**