MASER CONSULTING, P.A., Respondent, v VIOLA PARK REALTY, LLC, Appellant, et al., Defendants. [936 NYS2d 693]—

The appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment, in effect, on the cause of action alleging breach of contract insofar as asserted against it must be dismissed because the right of direct appeal from that portion of the order terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Where . . . the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Etion v*

*Etzion*, 84 AD3d 1015, 1017 [2011]). "The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]). "The court's role is limited to interpretation and enforcement of the terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties failed to insert" (*131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1189 [2011]; *see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182 [1995]). Extrinsic evidence will be considered only if the contract is deemed ambiguous (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d 780, 782 [2007]).

The plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action alleging breach of contract insofar as asserted against the defendant Viola Park Realty, LLC (hereinafter the appellant), by submitting the executed written agreement between it and the appellant and evidence that the appellant failed to pay it for services it rendered according to the terms of the subject agreement (*see McFadyen Consulting Group, Inc. v Puritan's Pride, Inc.*, 87 AD3d 620, 621 [2011]; *Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]; *Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]).

In opposition, the appellant failed to raise a triable issue of fact. Contrary to the appellant's contention, the subject agreement is clear and unambiguous in unconditionally requiring the appellant to pay the plaintiff, upon receipt of invoices from the plaintiff, for work the plaintiff performed pursuant to the subject agreement, and in not requiring the plaintiff to perform the tasks enumerated in the agreement in a particular order (*see Beal Sav. Bank v Sommer*, 8 NY3d at 324; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d at 475; *Rainbow v Swisher*, 72 NY2d at 109; *Etzion v Etzion*, 84 AD3d at 1017). The affidavit of the appellant's expert fails to raise a triable issue of fact, as it contains only bare conclusory assertions, is impermissibly speculative, and is without probative value (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]; *Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]; *Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]).

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment, in effect, on its cause of action alleging breach of contract insofar

as asserted against the appellant. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.