STERLING RESOURCES INTERNATIONAL, LLC, Appellant, v LEERINK SWANN, LLC, Respondent. [939 NYS2d 349]—

The amended complaint alleges, "Pursuant to the Retainer Agreement, [defendant] retained [plaintiff] to be its exclusive recruiting firm in its search to identify, recruit and hire a Head of its Investment Banking division *and other investment banking professionals*" (emphasis added). However, the provisions of a contract "prevail over conclusory allegations of the complaint" (*805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]). Read as a whole, the Retainer Agreement clearly refers only to the hiring of a Head of Investment Banking (*see e.g. Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]; *Kass v Kass*, 91 NY2d 554, 566 [1998]).

The Retainer Agreement is not ambiguous, because plaintiff's interpretation—that the contract applies to individuals other

than a Head of Investment Banking—is not reasonable (*see e.g. Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). By contrast, defendant's interpretation—that the Multiple Hires provision of the agreement would apply if defendant ended up hiring co-Heads of Investment Banking—accords with the overall purpose of the contract (*see e.g. Kass*, 91 NY2d at 567).

Plaintiff may not use extrinsic evidence to create an ambiguity in the Retainer Agreement (*see e.g. W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]).

Although defendant's interpretation of the Retainer Agreement is correct, the first cause of action should not have been dismissed in its entirety. The parties agree that defendant owes plaintiff $450,000 for the Head of Investment Banking whom plaintiff found for defendant and whom defendant hired. The documentary evidence shows that defendant has paid only $150,000. Therefore, plaintiff has a breach of contract claim for the remaining $300,000. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.