■ WALTER P. CARUCCI, Respondent, v MYRON KAPLAN et al., Appellants. [938 NYS2d 915]—

The Supreme Court properly determined that the doctrine of res judicata does not bar litigation of the validity of the plaintiff's resignation of his membership in the defendant North Fork Preserve, Inc. (hereinafter North Fork) (*see Employers' Fire Ins. Co. v Brookner*, 47 AD3d 754, 756 [2008]; *Mosello v First Union Bank*, 258 AD2d 631, 632 [1999]). The plaintiff asserts that he resigned his membership in North Fork in January 2005, pursuant to article IV, § 2 of its by-laws and, thus, was not obligated to pay membership dues after that date. A plain reading of article IV, § 2 supports the plaintiff's position, but that section should not be read in isolation; rather, the parties' agreement must be considered as a whole (*see Brad H. v City of New York*, 17 NY3d 180, 185-186 [2011]; *Scotto v Georgoulis*, 89 AD3d 717 [2011]). Article IV, § 4 obligates the owner of a dues-paying share, like the plaintiff, to pay membership dues. Read

as a whole, the by-laws are ambiguous as to whether the owner of a dues-paying share may resign from membership pursuant to article IV, § 2 and, thus, remove the obligation to pay membership dues. This ambiguity was not resolved by the parol evidence submitted by the defendants (*see Anita Babikian, Inc. v TMA Realty, LLC*, 78 AD3d 1088, 1091 [2010]). Under the circumstances of this case, while the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment on their counterclaim, it should have also denied the plaintiff's motion for summary judgment dismissing the counterclaim. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.