■ Steven Patsis, Respondent, v Roberto Nicolia, Appellant. [992 NYS2d 349]—

In an action, inter alia, to recover damages for breach of

contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Pines, J.), entered March 25, 2013, which, upon an order of the same court dated August 21, 2012, granting the plaintiff's motion for summary judgment in his favor on the third and fifth causes of action and denying his cross motion for summary judgment dismissing the second, third, and fifth causes of action, and upon a so-ordered stipulation between the parties dated December 12, 2012, measuring damages in the principal sum of $210,000, is in favor of the plaintiff and against him in the principal sum of $210,000.

Ordered that the judgment is affirmed, with costs.

The parties entered into an agreement whereby the plaintiff assigned to the defendant his 50% interest in an entity known as Gatsby Dining, LLC (hereinafter Gatsby, LLC), which owned a restaurant known as the Gatsby (hereinafter the restaurant). Pursuant to paragraph 1 (a) of the assignment document, the defendant was obligated to pay the plaintiff the balance of the purchase price for his 50% interest in Gatsby, LLC, from the gross profits of the restaurant. However, pursuant to paragraph 1 (c), the defendant's obligation to pay the entire remaining balance of the purchase price was triggered if he sold, transferred, or conveyed his interest in Gatsby, LLC. It is undisputed that the defendant never paid off the purchase price. Following a failed attempt to sell the restaurant to a third party, the defendant sold all of Gatsby, LLC's assets. The plaintiff commenced this action against the defendant claiming, inter alia, that the defendant's sale of all of Gatsby, LLC's assets was effectively a sale of Gatsby, LLC, and hence, the defendant's interest therein, thereby triggering the defendant's obligation pursuant to paragraph 1 (c) to pay the remaining balance of $210,000.

When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations (*see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]). Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms (*see id.*). Furthermore, interpretation of an unambiguous contract provision is a function for the court (*see id.*). When interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 40 [2012]).

The plaintiff met his prima facie burden of demonstrating that his interpretation of the unambiguous terms of paragraph 1 (c) of the assignment—that the defendant's payment obligation thereunder was triggered by his sale of all of Gatsby, LLC's assets—was the only reasonable interpretation (*see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade*, 98 AD3d 403 [2012], *affd* 20 NY3d 1082 [2013]). In opposition, the defendant failed to raise a triable issue of fact. The defendant's interpretation of paragraph 1 (c), that selling all of Gatsby's, LLC's, assets was neither a sale, transfer, or conveyance of his interest therein, improperly renders its terms meaningless under the circumstances of this case (*see Cortesi v R & D Constr. Corp.*, 137 AD2d 901 [1988], *mod* 73 NY2d 836 [1988]). Moreover, the Supreme Court properly determined that the defendant's affidavit in opposition directly contradicted his earlier deposition testimony and raised feigned issues of fact to avoid the consequences of his earlier testimony and, thus, was insufficient to defeat summary judgment (*see Kudisch v Grumpy Jack's, Inc.*, 112 AD3d 788 [2013]).

Accordingly, the Supreme Court correctly granted the plaintiff's motion for summary judgment on the third and fifth causes of action, and correctly denied the defendant's cross motion for summary judgment dismissing the second, third, and fifth causes of action. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.