■ NRT NEW YORK, LLC, Doing Business as CORCORAN GROUP, Plaintiff, and CHARLES RUTENBERG LLC, Respondent, v CHRISTOPHER MORIN et al., Appellants. [999 NYS2d 53]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 14, 2014, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff broker Charles Rutenberg LLC's claims, unanimously affirmed, with costs.

The motion court correctly found that the plain terms of the parties' brokerage agreement, when construed in the context of the whole of the agreement (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]), unambiguously provided that the five-month expiration period therein applied only to the broker's exclusive right to rent defendants' apartment, and not to the additional circumstances anticipated by the agreement where the renter, timely procured by the broker, ultimately purchased the apartment near the end of the initial two-year lease term. The agreement's fifth paragraph, which provided that the broker would receive a six percent commission if the renter it procured ultimately purchased the apartment, did not contain a time limitation regarding that right. Defendants' interpretation that the five-month time limitation set forth in paragraph two of the exclusive agency agreement applied to all provisions of the agreement is commercially unreasonable, and undermined by the various additional rights afforded under the agreement (*see generally Sterling Resources Intl., LLC v Leerink Swann, LLC*, 92 AD3d 538 [1st Dept 2012]). If accepted, it would effectively render the fifth paragraph meaningless (*see Beal Sav. Bank*, 8 NY3d at 324-325). Nor does the extension clause in paragraph 8 apply to this case. Since defendants did not meet

their burden to show that the contract language was clear, unambiguous and supportive only of the interpretation they espoused (*see Sterling Resources Intl., LLC*, 92 AD3d 538; *Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 499 [1st Dept 2011]), they failed to establish that the five-month limitation refutes, as a matter of law, the broker's claimed right to the commission (*see generally Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Mill Fin., LLC v Gillett*, 122 AD3d 98 [1st Dept 2014]). Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ. 