■ NRT New York, LLC, Doing Business as Corcoran Group, Appellant, v Martin Harding, Respondent. [16 NYS3d 255]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 3, 2014, which denied its motion for summary judgment on the complaint, with leave to renew after the completion of discovery.

Ordered that the order is affirmed, with costs.

In June 2012, the plaintiff and the defendant entered into an exclusive right-to-sell listing agreement (hereinafter the agreement), pursuant to which the plaintiff was retained as the defendant's broker in connection with the sale of the defendant's two properties in Sag Harbor. The agreement had a 12-month term. The defendant agreed to pay a 5% commission to the

plaintiff if the properties sold during the pendency of the agreement, regardless of whether the plaintiff or the defendant himself procured the buyer, except that the defendant would be excused from the obligation to pay the commission if a contract for the sale of the properties was entered into with a certain named individual within the first 30 days of the term of the agreement and the sale was consummated during the 12-month term.

During the first 30 days of the term of the agreement, the named individual did not enter into a contract with the defendant for the purchase of the properties and, at the end of the 12-month term of the agreement, the plaintiff had yet to secure a buyer. The plaintiff, through one of its affiliated individual brokers, approached the defendant about extending the term of the agreement. The defendant would only agree to extend the term of the agreement if his exemption from the obligation to pay a brokerage commission were applied to the sale of the properties to a particular private buyer other than the one initially identified in the agreement. According to the defendant, the proposed substitute buyer had shown interest in the properties before the defendant entered into the initial agreement with the plaintiff. It was eventually agreed, in a document entitled extension of exclusive listing agreement (hereinafter the extension), that a similar exemption from the obligation to pay a commission would be recognized in connection with a purchase by "a private party *identified as* James Walker" (emphasis added), and that such a purchase would "be exempted from the agreement and all aspects of it with no restrictions." The extension, which was executed by the parties, also provided that the other terms and conditions of the agreement were extended to June 15, 2014.

In July 2013, the defendant entered into contracts to sell the properties to his neighbor, who, according to the defendant, although not actually named "James Walker," employed the name "James Walker" as a pseudonym to protect his privacy. The defendant and "James Walker" proceeded to close on the sale of the properties.

The plaintiff demanded a full commission from the defendant pursuant to the terms of the agreement and the extension, and the defendant declined to pay it. The plaintiff thereafter commenced this action to recover damages for breach of contract, and subsequently moved for summary judgment on the complaint. The Supreme Court denied the plaintiff's motion, with leave to renew upon the completion of discovery.

"The fundamental, neutral precept of contract interpretation

is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Dysal, Inc. v Hub Props. Trust*, 92 AD3d 826, 827 [2012]; *Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 836 [2012]; *Staples the Off. Superstore E., Inc. v Flushing Town Ctr. III, L.P.*, 90 AD3d 638, 639 [2011]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569; *see Albert Jacobs, LLP v Parker*, 94 AD3d 919, 920 [2012]; *Scotto v Georgoulis*, 89 AD3d 717, 718-719 [2011]; *Ross v Sherman*, 57 AD3d 758 [2008]). "To determine whether a writing is unambiguous, language should not be read in isolation because the contract must be considered as a whole" (*Brad H. v City of New York*, 17 NY3d 180, 185 [2011]; *see Carucci v Kaplan*, 92 AD3d 912, 912-913 [2012]). If the language of the contract is susceptible of more than one reasonable interpretation, the contract will be considered ambiguous (*see Brad H. v City of New York*, 17 NY3d at 186).

The threshold question of whether a contract is unambiguous, and the subsequent construction and interpretation of an unambiguous contract, are issues of law within the province of the court (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d at 837; *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 40 [2012] [internal quotation marks omitted]; *see Patsis v Nicolia*, 120 AD3d 1326, 1327 [2014]). Extrinsic and parol evidence of the parties' intent may not be admitted to create ambiguity in a contract that is unambiguous on its face, but such evidence may be considered where a contract is determined to be ambiguous (*see Brad H. v City of New York*, 17 NY3d at 185-186; *W.W.W. Assoc. v Giancontieri*, 77 NY2d at 163; *Scotto v Georgoulis*, 89 AD3d at 718).

Here, the plaintiff did not meet its prima facie burden of demonstrating that it was entitled to judgment as a matter of law. In support of its motion, it submitted a copy of the extension, which contained the recitation that the defendant would be excused from paying a commission to the plaintiff if the properties were sold to "a private party identified as James Walker." The plaintiff contends that the terms of the extension

only exempt the defendant from paying it a commission if the defendant sold the properties to a person actually named James Walker. However, it cannot be determined as a matter of law that the plaintiff's interpretation of the terms of the extension with respect to that issue was the only reasonable interpretation (*see Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d 987, 988 [2010]; *cf. Patsis v Nicolia*, 120 AD3d at 1328). The language in the original agreement exempted the defendant from paying a commission if the properties were purchased by an actual named person, and did not qualify that description by denominating that proposed purchaser as "a private party identified as" that person. Therefore, it would be contrary to the rules of contract interpretation for us to treat the exemption contained in the extension in the same manner as the exemption which appeared in the original agreement, as that would require the conclusion that no meaning should be assigned to the qualifying phrase "a private party identified as" James Walker (*see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d at 40).

Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint, with leave to renew after the completion of discovery. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.