Restore One, Inc., Doing Business as SERVPRO OF GREATER SMITHTOWN, Respondent, 
against
Betsy Harris, Appellant.



Appeals from a judgment of the District Court of Nassau County, Third District (Susan Katz Richman, J.), entered October 15, 2013, and an order of the same court (Joy M. Watson, J.) entered July 14, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,990.95. The order denied defendant's motion to vacate the judgment.




ORDERED that the judgment and order are affirmed, without costs.
Plaintiff commenced this commercial claims action to recover unpaid fees for fire restoration services it had performed at defendant's home. After a nonjury trial, the District Court awarded judgment to plaintiff in the principal sum of $2,990.95. Thereafter, defendant moved to vacate the judgment pursuant to CPLR 5015 (a) (3), based upon the alleged fraud and misconduct of plaintiff at trial. The court denied the motion.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Commercial Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1807-A [a]). Plaintiff established that the parties had entered into a contract, that plaintiff's employees had fully performed pursuant to the contract, and that defendant had breached the contract by failing to pay therefor (see Maser Consulting, P.A. v Viola Park Realty, LLC, 91 AD3d 836 [2012]). We find no basis to disturb the District Court's determination in favor of plaintiff. Moreover, defendant failed to establish that the judgment was procured by fraud, misrepresentation or other misconduct, and, thus, defendant's motion to vacate the judgment pursuant to CPLR 5015 (a) (3) was properly denied (see Caiola v Allcity Ins. Co., 257 AD2d 586 [1999]).
Accordingly, the judgment and order are affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 15, 2016