Douglas Elliman LLC d/b/a Douglas Elliman Real Estate, Plaintiff-Appellant,
against
Soonil Kwon, Defendant-Cross-Appellant.



Plaintiff, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Paul A. Goetz, J.), entered December 14, 2016, as granted defendant's preanswer motion to dismiss the complaint and denied as moot its cross motion for summary judgment pursuant to CPLR 3211(e). Defendant cross-appeals from that portion of the aforesaid order as denied his cross-motion for sanctions pursuant to 22 NYCRR § 130-1.1.




Per Curiam.
Order (Paul A. Goetz, J.), entered December 14, 2016, modified to deny defendant's dismissal motion and to reinstate the complaint; as modified, order affirmed, with $10 costs to plaintiff-appellant.
Dismissal of this action to recover a real estate brokerage commission was unwarranted on defendant's preanswer motion. Defendant failed to present documentary evidence that either flatly contradicts the allegations in the complaint so as to warrant dismissal pursuant to CPLR 3211(a)(7) (see Maas v Cornell Univ., 94 NY2d 87, 91 [1999]), or conclusively establishes a defense as a matter of law so as to warrant dismissal pursuant to CPLR 3211(a)(1) (see Leon v Martinez, 84 NY2d 83 [1994]).
The brokerage agreement at issue was in effect for a period of six months and gave the plaintiff-broker the "exclusive right to rent" the property, a cooperative apartment in Brooklyn owned by defendant. The agreement also provided that if the renter procured by the broker ultimately purchases the property, plaintiff is entitled to a six percent commission.
Upon facts strikingly similar to those before us, the Appellate Division, First Department, held that a five-month expiration period set forth in an exclusive brokerage agreement does not refute, as a matter of law, a broker's right to a commission in the specific circumstances anticipated by the agreement, where the renter procured by the broker ultimately purchased the property near the end of his two-year lease term (see NRT NY, LLC v Morin, 123 AD3d 590 [2014]). Morin is dispositive on the issues presented and mandates a denial of defendant's preanswer dismissal motion. The six-month expiration provision in the underlying contract fails [*2]to establish as a matter of law that defendant had no liability to pay a commission where the renter procured by the broker purchased the apartment near the end of his one-year tenancy.
Defendant's cross-appeal, not having been briefed, is deemed abandoned.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 14, 2017