NRT N.Y., LLC v Brown (2018 NY Slip Op 08493)





NRT N.Y., LLC v Brown


2018 NY Slip Op 08493


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11246
2016-13027
 (Index No. 610490/15)

[*1]NRT New York, LLC, etc., respondent,
v
Barry Brown, appellant, et al., defendants.


Rosenberg Calica & Birney LLP, Garden City, NY (Robert M. Calica, Edward M. Ross, and Jennifer L. Ferraro of counsel), for appellant.
Margolin & Pierce, LLP, New York, NY (Philip Pierce and Errol F. Margolin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Barry Brown appeals from (1) an order of the Supreme Court, Suffolk County (Andrew J. Tarantino, Jr.), dated October 4, 2016, and (2) a judgment of the same court dated November 3, 2016. The order, insofar as appealed from, denied the defendant Barry Brown's motion for summary judgment dismissing the complaint insofar as asserted against him, and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against that defendant. The judgment, upon the order, is in favor of the plaintiff and against the defendant Barry Brown in the total sum of $913,999.40.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Barry Brown for summary judgment dismissing the complaint insofar as asserted against him is granted, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Barry Brown is denied; and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Barry Brown.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff, a real estate broker, commenced this action to recover, among other things, a real estate broker sales commission from the defendant Barry Brown. Brown was a real estate developer and owned a luxury house in East Hampton (hereinafter the premises). The [*2]defendants Erica Schwartz and Eric Schwartz (hereinafter together the Schwartz defendants) purchased the premises from Brown in 2015.
In the summer of 2010, the Schwartz defendants had leased the premises from Brown for one month. The plaintiff negotiated the lease. Concurrent with that lease, Brown and the plaintiff executed a brokerage agreement (hereinafter the 2010 brokerage agreement). The 2010 brokerage agreement provided for a rental commission on the lease, any extensions or renewals of the lease, and a sales commission if the Schwartz defendants purchased the premises. The brokerage agreement was silent as to its duration. In the summers of 2011, 2012, and 2013, the Schwartz defendants leased the premises again, for either one- or two-month terms. The plaintiff negotiated those leases, but Brown and the plaintiff did not execute new brokerage agreements. In the summer of 2014, the Schwartz defendants rented directly from Brown without using the plaintiff's services. The plaintiff was notified of the transaction, and did not seek a rental commission in connection with that lease. In the fall of 2015, the Schwartz defendants purchased the premises from Brown without the plaintiff's involvement.
Thereafter, the plaintiff commenced this action against Brown and the Schwartz defendants, alleging, inter alia, causes of action against Brown for a sales commission. Brown subsequently moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed the motion and cross-moved, among other things, for summary judgment on the complaint insofar as asserted against Brown. The Supreme Court determined, inter alia, that the 2010 brokerage agreement was a valid, enforceable, and exclusive sales commission agreement, and subsequently entered judgment against Brown for the sales commissions. Brown appeals from the order and the judgment.
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see NRT N.Y., LLC v Harding, 131 AD3d 952, 954; Albert Jacobs, LLP v Parker, 94 AD3d 919, 920). "The threshold question of whether a contract is unambiguous, and the subsequent construction and interpretation of an unambiguous contract, are issues of law within the province of the court" (NRT N.Y., LLC v Harding, 131 AD3d at 954). "Extrinsic and parol evidence of the parties' intent may not be admitted to create ambiguity in a contract that is unambiguous on its face" (id.). Where a brokerage agreement contains no term as to its duration, a "reasonable duration" must be implied (Hampton Realty of Bridgehampton v Conklin, 220 AD2d 385, 387; see Segal v Hawn, 304 AD2d 331).
The 2010 brokerage agreement provided that the plaintiff was due a rental commission for the lease and any renewals or extensions of the lease. It further provided that the plaintiff would earn a sales commission if the premises were sold to the tenant during the course of the lease or any extension or renewal of the lease. For several years, the Schwartz defendants rented the premises for one or two months during the summer, vacated the premises at the end of each lease term, and negotiated a new lease several months after the expiration of prior lease. None of the subsequent leases contained language that indicated they were renewal or extension leases (see e.g. Waterfalls Italian Cuisine, Inc. v Tamarin, 119 AD3d 773; 410 BPR Corp. v Chmelecki Asset Mgt., Inc., 51 AD3d 715; Britvan v Sutton & Edwards, 226 AD2d 490). Brown entered into short-term leases with other people during the same years he rented to the Schwartz defendants, and in 2014 he and the Schwartz defendants did not use the plaintiff's services to negotiate the summer rental.
We disagree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Brown. Contrary to the court's conclusion, the undisputed facts establish that the 2010 lease was not renewed or extended. Under the facts of this case, the 2010 brokerage agreement, including the sales commission provision, expired at the end of the 2010 lease term (see NRT N.Y., LLC v Morin, 123 AD3d 590; Segal v Hawn, 304 AD2d at 331; Hampton Realty of Bridgehampton v Conklin, 220 AD2d at 387). Accordingly, the court should have granted Brown's motion for summary judgment dismissing the complaint insofar as asserted against him, because there is no triable issue of fact as to whether the 2010 brokerage agreement was valid and enforceable when Brown sold the premises [*3]to the Schwartz defendants in 2015.
The parties' remaining contentions are without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court