Saban and Associates, LLC, Appellant,
against
Tomar Biton, Respondent.




Saban & Associates, LLC (Mark I. Aronson of counsel), for appellant.
Tomar Biton, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered October 31, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
At a nonjury trial in this commercial claims action to recover for breach of contract, plaintiff's witness testified that plaintiff had entered into a written contract with defendant in 2006. Pursuant to the contract, as a result of plaintiff's efforts, derogatory information was ultimately removed from defendant's credit report, but defendant failed to pay plaintiff for those services. The Civil Court, without inquiring as to whether plaintiff had finished presenting its case and without hearing from defendant, dismissed the action, finding that plaintiff had failed to establish its prima facie case.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Here, the evidence presented by plaintiff showed that defendant had entered into a contract with plaintiff, that plaintiff had performed some services pursuant to the contract, as evidenced by the testimony of plaintiff's witness that, as a result of plaintiff's efforts, all derogatory information appearing on defendant's 2006 credit reports had ultimately been removed, and that defendant owed plaintiff money pursuant to the contract. As plaintiff made out a prima facie case of breach of contract (see Maser Consulting, PA v Viola Park Realty, LLC, 91 AD3d 836 [2012]), the Civil Court erred in dismissing the action.
Under the circumstances presented, substantial justice (see CCA 1804-A, 1807-A [a]) requires that the judgment be reversed and the matter remitted to the Civil Court for a new trial.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019