**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1124

_____

NORMA VAZQUEZ, Individually and on behalf of all others similarly situated

v.

TRIAD MEDIA SOLUTIONS, INC., A New Jersey Corporation; ZETA INTERACTIVE
CORPORATION; SPIRE VISION LLC

Zeta Interactive Corp.; Spire Vision LLC,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:15-cv-07220)
District Judge: Hon. William H. Walls

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*.

(Opinion Filed:  December 16, 2019)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge.*

TriAd Media Solutions, Inc., SpireVision LLC, and Zeta Interactive Corp. agreed to partner on an advertising campaign. Their Agreement required Zeta to indemnify TriAd for "any claims, suits or proceedings" arising from a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., including payment of reasonable attorney's fees. Zeta argues that the District Court erred in finding a duty to indemnify under New York law, and objects to the fee award. Finding no error on either claim, we will affirm.

## I. BACKGROUND

TriAd works with colleges and universities to recruit prospective students and retained Zeta[2] to provide digital marketing services. Under their Agreement, Zeta promised to indemnify TriAd:

> against all claims, actions, liabilities, losses, expenses, damages, and costs (including, without limitation, reasonable attorneys' fees) that may at any time be incurred by any of them by reason of any claims, suits or proceedings . . . (c) arising from any violation of . . . the TCPA, or any other laws, rules and regulations governing deceptive trade practices and online or telephonic marketing or advertising[.]

(App. at 290 ¶ 11.)

About a year into the Agreement, Norma Vazquez received a single SMS text message that purportedly linked to a website owned and operated by TriAd. Displeased, Vazquez filed a putative class action suit against TriAd alleging that the text message

---

[2] Zeta is Spire Vision's parent company.

violated the TCPA.[3] In response, TriAd retained counsel and later demanded Zeta assume the defense and provide indemnification under the Agreement. Shortly after, Zeta accepted with a reservation of rights and later entered into a joint defense agreement with TriAd. Not surprisingly, Vazquez amended her complaint to include new allegations against Zeta. And TriAd filed cross-claims for indemnification against Zeta. In the end, Zeta successfully negotiated a settlement with Vazquez and secured dismissal of all claims against TriAd.

That left only the lawyers' bills. TriAd sought $210,156.40 in attorney's fees incurred before Vazquez's claims were dismissed and another $22,152.70 for work after the dismissal. Unable to agree on those costs, TriAd and Zeta cross-moved for summary judgment on TriAd's indemnity claim. The District Court denied Zeta's motion and granted TriAd's motion in part, reducing the requested fees by $71,718.20 and awarding TriAd $160,590.90. Zeta timely appealed.

## II. TriAd is Entitled to Indemnification

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332(a) and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary judgment decision de novo, *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 100 (3d Cir. 2015), and the reasonableness of the fee

---

[3] Under the TCPA, it is unlawful to send text messages to a cell phone using an automatic telephone dialing system ("ATDS") without prior consent. *See* 47 U.S.C. § 227(b); *Gager v. Dell Fin. Servs.*, 727 F.3d 265, 269 n.2 (3d Cir. 2013).

award for abuse of discretion, *Washington v. Phila. Cty. Ct. Com. Pl.*, 89 F.3d 1031, 1034 (3d Cir. 1996).

### A. Interpretive Principles[4]

We start with some background on New York law. In a contract dispute, New York courts examine "whether the contract is unambiguous with respect to the question disputed by the parties." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010). As a result, we look to the parties' intent, mindful that "[t]he best evidence of what parties to a written agreement intend is what they say in their writing." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002). So "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Id*. In doing so, "the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized." *NRT N.Y., LLC v. Harding*, 16 N.Y.S.3d 255, 258 (App. Div. 2015).

These same principles apply to indemnity contracts. *Hooper Assoc., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Id*. Put differently, an obligation to indemnify another "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and

---

[4] Like the parties, we agree that New York law applies to this dispute. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183–84 (3d Cir. 2017).

circumstances[.]" *Id*. So our review begins with the text of the indemnification clause read in the context of the parties' entire agreement. *Law Debenture*, 595 F.3d at 467.

## B. Vazquez's Claim Falls Within the Agreement

The Agreement requires Zeta to "indemnify, defend and hold harmless" TriAd for costs incurred "by reason of any claims, suits or proceedings . . . (c) arising from any violation of . . . the TCPA[.]" (App. at 290 ¶ 11.) For that reason, the Agreement obligates Zeta, at a minimum, to indemnify TriAd for claims of TCPA violations relating to the advertising campaign Zeta contracted to promote. TriAd hired Zeta to provide advertising for its "CompareTopSchools" campaign. And Zeta readily admits that it uses a messaging platform able to send text messages to recipients,[5] while TriAd maintains that it does not send text messages and relies on vendors to provide such services. The foundation of Vazquez's lawsuit was a text message purportedly linking to the "CompareTopSchools" website. As a result, the best reading of the Agreement requires Zeta to indemnify TriAd for claims stemming from a text message advertising the contracted-for "CompareTopSchools" campaign.

Even assuming, as Zeta argues, the source of the offending text message is unclear, the indemnification clause still applies. Because "[w]hen the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence." *Bradley v. Earl B. Feiden, Inc.*, 864 N.E.2d 600, 605 (N.Y. 2007). Here, the broad language of the indemnification clause applies even without a clear

---

[5] This Court does not address whether the messaging platform used by Zeta constitutes an ATDS under the TCPA.

5

showing that Zeta sent the text message in question. *See also Perchinsky v. New York*, 660 N.Y.S.2d 177, 181 (App. Div. 1997) ("Where, as here, there is a broad indemnity agreement providing for indemnification against all claims, actions, damages and costs, the indemnitee is entitled to costs, including counsel fees, incurred in the defense of the primary action even though that action was dismissed[.]").

So too Zeta must indemnify TriAd even without a proven TCPA violation. The indemnification provision at issue applies to costs incurred "by reason of any claims, suits or proceedings . . . (c) arising from any violation of . . . the TCPA[.]" (App. at 290 ¶ 11.) As TriAd observes and we agree, the terms "claims," "suits," and "proceedings" each "describe pre-judgment events." (Opposition Br. at 14 (quoting App. at 95).) *See Claim*, Black's Law Dictionary (10th ed. 2014) (defining "claim" as a "demand for money, property, or a legal remedy to which one asserts a right"); *Proceeding*, Black's Law Dictionary (10th ed. 2014) (defining "proceeding" as "[a]ny procedural means for seeking redress from a tribunal or agency"); *Suit*, Black's Law Dictionary (10th ed. 2014) (defining "suit" as "[a]ny proceeding by a party or parties against another in a court of law"). Based on this text, Zeta's duty to indemnify TriAd arose when Vazquez filed her suit alleging a TCPA violation. *See Bradley*, 864 N.E.2d at 605 ("There was no requirement that the claim be successful in order to require indemnification of defense costs. The actual fault of the parties is irrelevant.").

## C. TriAd Could Select its Attorney

Zeta contends that once it assumed its indemnity obligations, it had the sole right to control the selection of TriAd's counsel. But that argument ignores the Agreement and the

6

parties' course of performance. While TriAd promptly sought indemnity from Zeta, the parties did not agree on Zeta's control of the defense for several months. A joint defense agreement did not emerge for nearly a year. At a minimum, TriAd had a right to select its own counsel until it accepted Zeta's control of the defense. *See Deutsche Bank Tr. Co. of Am. v. Tri-Links Invest. Tr.*, 900 N.Y.S.2d 246, 253–54 (App. Div. 2010).

And the Agreement allowed TriAd to maintain separate counsel at Zeta's expense if the fees were reasonable. *Cf. N.Y. State Urban Devel. Corp. v. VSL Corp.*, 738 F.2d 61, 66 (2d Cir. 1984) ("The contract here provided that [insurer] was not obligated to pay for [insured's] counsel unless [insurer] consented to the choice of counsel."). So the District Court did not err in finding that TriAd had a right to select and retain its counsel throughout the action.

## D. The Attorneys' Fee Award was Not an Abuse of Discretion

The parties' agreement entitles TriAd to "reasonable attorneys' fees." (App. at 290 ¶ 11.) This tracks the prevailing law in New York, which requires that "the award of an attorney's fee, whether pursuant to agreement or statute, must be reasonable and not excessive." *RAD Ventures Corp. v. Artukmac*, 818 N.Y.S.2d 527, 530 (App. Div. 2006). "An award of reasonable attorneys' fees is within the sound discretion of the [trial] court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel." *SO/Bluestar, LLC v. Canarsie Hotel Corp.*, 825 N.Y.S.2d 80, 82 (App. Div. 2006); *see also Green Point Sav. Bank v. Tornheim*, 689 N.Y.S.2d 193, 194 (App. Div. 1999) (affirming attorneys' fee award as reasonable because it "bears a reasonable relation to the time and effort expended by the plaintiff's attorneys").

7

TriAd requested $232,309.10 and the District Court determined that $22,152.70 accruing after settlement should be struck. The District Court conducted a careful and thoughtful review of TriAd's attorney's billing entries and cut the hours reflecting unnecessary or duplicative work. The reduced award of $160,590.90 was no abuse of discretion.

### III. CONCLUSION

For these reasons, we will affirm the judgment of the District Court.