■ 211-54 REALTY CORP., Respondent, v MARC SCHNEIDER, Appellant. [910 NYS2d 108]—

In an action to recover unpaid rent and other charges pursuant to a lease, the defendant appeals from (1) an order of the Supreme Court, Queens County (McDonald, J.), dated September 25, 2009, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered March 4, 2009, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $70,283.27.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment is denied, and the order dated September 25, 2009, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The lease at issue identified the defendant, Marc Schneider, as the tenant, and when signing his name to the rider and the lease, he did not sufficiently indicate that he was acting as an agent for a corporation and not in his individual capacity. While

an agent who signs a lease on behalf of a disclosed principal will not incur personal liablity, in these circumstances Schneider agreed to accept liability and he became the tenant when he signed the lease identifying him as the person responsible for compliance with the terms of the lease (*see Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805 [2010]). Parol evidence with respect to a contrary intent was not admissible because the written lease was unambiguous (*see Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d 1333 [2010]).

Although the plaintiff established its prima facie entitlement to summary judgment by demonstrating that Schneider became personally liable for any defaults under the lease when he executed that document without indicating that he was signing the lease as an agent for a corporation, Schneider raised triable issues of fact exist as to whether there was a constructive eviction from the premises and as to whether the plaintiff relet the premises after the premises were vacated. Thus, the plaintiff was not entitled to summary judgment on its claims for unpaid rent accruing on or after May 1, 2004 (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.