■ 143 BERGEN STREET, LLC, et al., Respondents, v HERBERT RUDERMAN, R.A., et al., Appellants. [42 NYS3d 252]—

In an action, inter alia, to recover damages for breach of contract and professional malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 26, 2014, which granted the plaintiffs' renewed motion for summary judgment on the first and second causes of action and dismissing the counterclaim asserted by the defendant Herbert Ruderman.

Ordered that the order is affirmed, with costs.

The plaintiffs, who are owners of a landmark building as defined by Administrative Code of the City of New York § 25-302, entered into an oral agreement with the defendant Herbert Ruderman. Pursuant thereto, Ruderman agreed to provide architectural services for construction on the plaintiffs' building, including obtaining required approvals from the New York City Landmarks Preservation Commission (hereinafter LPC) and Department of Buildings (hereinafter DOB). Ruderman subsequently retained the services of the defendant George Restivo to complete the architectural drawings.

Ruderman and Restivo obtained approval from the LPC and the DOB for the initial construction. They subsequently submitted amended plans to the DOB to comply with various changes that the plaintiffs requested. However, they failed to

submit the amended plans to the LPC or obtain approval from the LPC for the changes. When the construction was near completion, the LPC determined that the construction did not comply with the plans that it had approved. Ultimately, the LPC directed the plaintiffs to demolish aspects of the construction.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract against Ruderman and professional malpractice against both defendants. Ruderman asserted a counterclaim alleging that the plaintiffs had not paid the full contract price.

The Supreme Court granted the plaintiffs' renewed motion for summary judgment on the first and second causes of action, which alleged breach of contract and professional malpractice, respectively, and dismissing Ruderman's counterclaim.

Contrary to the defendants' contentions, the Supreme Court properly granted that branch of the plaintiffs' renewed motion which was for summary judgment on the first cause of action (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In the first cause of action, the plaintiffs sought to recover damages for breach of contract against Ruderman. The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Tudor Ins. Co. v Unithree Inv. Corp., 137 AD3d 1259, 1260 [2016]; Legum v Russo, 133 AD3d 638, 639 [2015]). Here, the plaintiff made a prima facie showing that Ruderman entered into an oral contract with the plaintiffs and pursuant thereto, the plaintiffs paid Ruderman certain monies. The plaintiffs also established, prima facie, that Ruderman breached this contract by failing to obtain the required approval from the LPC, which caused them damages. In opposition, the defendants failed to raise a triable issue of fact.

Similarly, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law with regard to the second cause of action, which alleged professional malpractice. "A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury" (Kung v Zheng, 73 AD3d 862, 863 [2010] [internal quotation marks omitted]; see Abrams v Bute, 138 AD3d 179, 184 [2016]; 43 Park Owners Group, LLC v Commonwealth Land Tit. Ins. Co., 121 AD3d 937, 939 [2014]; Bruno v Trus Joist a Weyerhaeuser Bus., 87 AD3d 670, 672 [2011]). Here, in support of this branch

of their renewed motion, the plaintiffs established, prima facie, that the defendants departed from accepted standards of practice in the architectural profession, which proximately caused injury to them. In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.