■ B&H ASSOCIATES OF NY, LLC, Doing Business as PRUDENTIAL DOUGLAS ELLIMAN, Appellant, v PATRICK FAIRLEY et al., Defendants, and ANA FAIRLEY, Respondent. [50 NYS3d 495]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered February 27, 2015, as denied its motion for summary judgment on the cause of action alleging breach of contract against the defendant Ana Fairley.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the cause of action alleging breach of contract against the defendant Ana Fairley is granted.

On April 1, 2011, the defendant Ana Fairley (hereinafter Fairley) and her husband, the defendant Patrick Fairley (hereinafter Fairley's husband), executed a "Listing Agreement for Commercial/Industrial" in favor of the plaintiff, granting it the exclusive right to sell commercial property in Brooklyn for a 12-month term stated to expire on April 1, 2012 (hereinafter the listing agreement). The listing agreement provided that the "undersigned owner" promised to pay the plaintiff a stated commission in the event that the property is sold "by you, by me, or by any other person or broker during the term of this contract." Fairley and her husband each signed the listing agreement on lines designated for "owner." At the time of execution of the listing agreement, the property was owned by the defendants Golden Horn Development, LP, and DL Partners, LLC (hereinafter together the Golden Horn defendants). Fairley's husband, but not Fairley, was a member of both corporations. Prior to the expiration of the listing agreement, the property was sold through a broker other than the plaintiff to a nonparty for a purchase price of $2,035,000. The plaintiff was not paid a commission for the sale.

The plaintiff thereafter commenced this action against Fairley, among others, inter alia, alleging breach of contract. After obtaining default judgments against all defendants with the exception of Fairley, the plaintiff moved for summary judgment on the cause of action alleging breach of contract against her. The Supreme Court, inter alia, denied the plaintiff's motion, and the plaintiff appeals. We reverse insofar as appealed from.

"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*143 Bergen St., LLC v Ruderman*, 144

AD3d 1002, 1003 [2016]; *see Fairlane Fin. Corp. v Longspaugh*, 144 AD3d 858 [2016]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its breach of contract cause of action by submitting a copy of the listing agreement executed by Fairley, affidavits of its employees attesting to its performance under the contract, and evidence that the property was sold during the term provided for in the listing agreement and that the plaintiff was not paid the stated commission (*see 143 Bergen St., LLC v Ruderman*, 144 AD3d 1002 [2016]).

In opposition, Fairley failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to Fairley's contention, parol evidence that she intended to execute the listing agreement as an agent for the corporate owners of the property is not admissible to defeat the plaintiff's prima facie showing of entitlement to judgment as a matter of law. Only where a contract, on its face, is "ambiguous on the point with respect to whether it is the individual contract of the agent or a contract made for his principal" may parol evidence be admitted "to show whose contract it was intended to be" (*Hernandez v Brookdale Mills, Inc.*, 194 App Div 369, 380 [1920]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Legum v Russo*, 133 AD3d 638, 639 [2015]; *NRT N.Y., LLC v Harding*, 131 AD3d 952, 953-954 [2015]; Restatement [Third] of Agency § 6.01). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the listing agreement signed by Fairley is complete, clear, and unambiguous on its face, and should be enforced according to its terms—none of which indicates that Fairley executed the agreement as an agent for the Golden Horn defendants or for her husband (*see NRT N.Y., LLC v Harding*, 131 AD3d at 953-954; *Hernandez v Brookdale Mills, Inc.*, 194 App Div at 380). The listing agreement provides that the "undersigned owner" promised to pay the plaintiff a stated commission in the event that the property is sold "by you, by me, or by any other person or broker during the term of this contract." Fairley executed the listing agreement in the section designated for "owner," and did not identify herself therein as an agent or state that she did not intend to be responsible for the obligations that she assumed (*see 211-54 Realty Corp. v Schneider*, 77 AD3d 915 [2010]). Given that the listing agreement on its face is unambiguous regarding the parties' intent for Fairley, as "owner," to be bound by its terms, parol or

extrinsic evidence that she was acting as an agent is inadmissible to defeat the plaintiff's prima facie showing (see *NRT N.Y., LLC v Harding*, 131 AD3d at 953; *211-54 Realty Corp. v Schneider*, 77 AD3d 915 [2010]). Moreover, Fairley's actual nonownership of the property at the time that she executed the listing agreement does not relieve her of the obligations that she assumed thereunder (see *Sholom & Zuckerbrot Realty Corp. v Citibank*, 205 AD2d 336, 338 [1994], citing *Kalmon Dolgin Affiliates v Estate of Nutman*, 172 AD2d 917 [1991]).

The parties' remaining contentions need not be reached in light of our determination. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.

Motion by the appellant on an appeal from an order of the Supreme Court, Nassau County, entered February 27, 2015, to strike stated portions of the respondent's brief on the ground that those portions refer to matter dehors the record. By decision and order on motion of this Court dated December 1, 2015, the appellant's motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion to strike stated portions of the respondent's brief is granted, and the following portions of the respondent's brief are deemed stricken and have not been considered in the determination of the appeal: beginning with the second sentence in the second full paragraph on page 6, and ending with the words "Lower Court" in the first line on page 7.