SECOND DEPARTMENT, DECEMBER, 2017

(December 6, 2017)

■ ALL SEASONS FUELS, INC., et al., Appellants-Respondents, v MORGAN FUEL & HEATING CO., INC., Doing Business as BOTTINI FUEL CO AND/OR BOTTINI FUEL, Respondent-Appellant. [66 NYS3d 512]—

Appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated April 27, 2015, and (2) an interlocutory judgment of that court entered May 29, 2015. Cross appeal from the order dated April 27, 2015. The order, insofar as appealed from, denied that branch of the motion of the plaintiff All Seasons Fuels, Inc., which was for summary judgment on the issue of damages on the second cause of action, and granted that branch of the defendant's cross motion

which was for summary judgment on its first counterclaim to the extent of directing the plaintiff Charlene Flood to comply with her obligations under paragraph 5 (d) of the subject employment agreement. The order, insofar as cross-appealed from, granted that branch of the motion of the plaintiff All Seasons Fuels, Inc., which was for summary judgment on the issue of liability on the second cause of action, and denied those branches of the defendant's cross motion which were, in effect, to strike certain portions of the affidavit of James Suto, for summary judgment dismissing the second cause of action and so much of the third cause of action as sought damages, and for summary judgment on its second and third counterclaims against the plaintiffs. The interlocutory judgment, upon the order, directed the plaintiff Charlene Flood to return to the defendant any confidential information that she had received in tangible form during her employment with the defendant.

Ordered that the appeal from so much of the order as granted that branch of the defendant's cross motion which was for summary judgment on its first counterclaim against the plaintiff Charlene Flood is dismissed, without costs or disbursements, as that portion of the order was superseded by the interlocutory judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

In September 2011, the plaintiff All Seasons Fuels, Inc. (hereinafter All Seasons), executed an asset purchase agreement (hereinafter the APA) to sell its assets to the defendant, a distributor of petroleum products. In exchange, All Seasons was entitled to receive a commission on each gallon of heating oil, kerosene, on-road diesel fuel, and off-road diesel fuel that the defendant sold from September 2011 through September 2014 to entities to be designated on a customer list that All Seasons was required to provide to the defendant at the closing. The customer list was defined under the APA as consisting of "those individuals and entities that purchased products from [All Seasons] within the eighteen months immediately prior to the execution of" the APA. The defendant prepaid between $240,000 and $242,000 to All Seasons toward the amount that would be due to All Seasons for commissions under the APA. All Seasons was not entitled to any further payment from the defendant until the amount accrued exceeded the sum that the defendant had prepaid. At the closing on September 8, 2011,

All Seasons gave the defendant its computer, which contained customer names and addresses. From the computer, the defendant generated a list containing All Seasons' customers.

The plaintiff Charlene Flood, who was the owner of All Seasons, entered into a separate written contract with the defendant to work as a salesperson for the defendant from September 2011 through September 2014 (hereinafter the Employment Agreement). Under the terms of the Employment Agreement, Flood was entitled to an annual salary and a "bonus," or commission, for commercial propane sales and for each gallon of residential propane, heating oil, or kerosene sold to any new full price customer during the term of her employment.

Flood's employment with the defendant terminated on or about February 18, 2013. In or about December 2013, the plaintiffs commenced this action against the defendant. The plaintiffs alleged in their second cause of action that the defendant had breached the APA by underreporting the sales that the defendant had made to All Seasons' customers, and by failing to give All Seasons credit for all of the commissions that it was entitled to under the APA. In their third cause of action, the plaintiffs alleged, inter alia, that the defendant breached the Employment Agreement by failing to give Flood credit for all of the commissions that she was entitled to under the Employment Agreement.

In its answer, the defendant asserted a counterclaim against Flood, alleging that she had violated paragraph 5 (d) of the Employment Agreement, which required her to return to the defendant all copies of the defendant's confidential material after her employment terminated. The defendant also asserted a counterclaim against the plaintiffs alleging, in effect, that it had advanced $242,000 to All Seasons pursuant to the APA, that under the Employment Agreement, commissions earned by Flood were also credited against the debt created by the prepayment, that the plaintiffs failed to earn $242,000 in commissions during the three-year period of the APA and the Employment Agreement, and that it was entitled to a money judgment in the amount equal to the difference between $242,000 and the commissions that the plaintiffs had earned.

All Seasons moved for summary judgment on the second cause of action alleging breach of contract. In support of its motion, All Seasons presented evidence that the defendant had provided All Seasons with commissions only on sales to customers that had placed orders using All Seasons' prior telephone number, which All Seasons sold to the defendant as part of the

APA. All Seasons alleged that the sales records produced by the defendant in discovery and during the term of the APA were voluminous, inaccurate, and incomplete, and, as a result, sought to prove its damages through the affidavit of its accountant, James Suto. Suto extrapolated the post-closing sales that the defendant allegedly should have made to All Seasons' customers, and the commissions that All Seasons allegedly was entitled to, by using All Seasons' pre-closing sales history.

The defendant cross-moved, inter alia, for summary judgment dismissing the second cause of action and so much of the third cause of action as sought damages, and, in effect, to strike the damages analysis set forth in Suto's affidavit on the basis that he was not qualified to render an expert opinion on damages. The defendant also cross-moved for summary judgment on its first counterclaim, which was against Flood, seeking the return of its confidential material pursuant to paragraph 5 (d) of the Employment Agreement, and on its second and third counterclaims seeking damages.

In the order appealed and cross-appealed from, the Supreme Court, inter alia, granted that branch of All Seasons' motion which was for summary judgment on the issue of the defendant's liability on the second cause of action, and denied that branch of All Seasons' motion which was for summary judgment on the issue of damages on the second cause of action. The court granted that branch of the defendant's cross motion which was for summary judgment on its counterclaim against Flood seeking the return of confidential material pursuant to paragraph 5 (d) of the Employment Agreement, and denied the remaining branches of the defendant's cross motion. In the interlocutory judgment appealed from, the court, upon the order, directed Flood to comply with her obligations under paragraph 5 (d) of the Employment Agreement.

To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d 810 [2016]; Legum v Russo, 133 AD3d 638, 639 [2015]). Here, All Seasons demonstrated its prima facie entitlement to judgment as a matter of law on the issue of the defendant's liability on the second cause of action. All Seasons submitted evidence demonstrating that the defendant breached the APA by only providing All Seasons with credit for commissions on sales that were made to customers that had placed orders using All Seasons' former telephone number. The APA did not condition

All Seasons' entitlement to receive a commission on whether a customer used All Seasons' prior telephone number to place an order.

In opposition, the defendant failed to raise a triable issue of fact as to whether it breached the APA. The APA unambiguously required the defendant to pay All Seasons a commission on every sale to an individual or entity that had purchased products from All Seasons within the 18 months immediately prior to the execution of the APA. Therefore, contrary to the defendant's contention, extrinsic evidence that the term "customer" in the APA was intended to mean a customer "name and delivery location" failed to raise a triable issue of fact in opposition to All Seasons' prima facie showing (*see Glass v Del Duca*, 151 AD3d 941 [2017]; *B&H Assoc. of NY, LLC v Fairley*, 148 AD3d 1097, 1099 [2017]; *Scotto v Georgoulis*, 89 AD3d 717, 719 [2011]). Furthermore, the summary of sales records, and the affidavits from Mark Bottini, the defendant's secretary, and Mark Caprara, the defendant's comptroller, were insufficient to raise a triable issue of fact as to whether the defendant breached the APA. Bottini and Caprara did not dispute that the defendant had credited All Seasons only for commissions on sales that were made to customers that had placed orders using All Seasons' former telephone number. Their contention that, due to the prepayment amount, All Seasons would not have sustained any damages even if it had been properly credited for commissions in accordance with the APA was relevant to the issue of damages and not liability (*see Woodruff v Castaldo*, 113 AD2d 403, 408 [1985]). The defendant's remaining contentions with respect to that branch of All Seasons' motion are without merit. Accordingly, the Supreme Court properly granted that branch of All Seasons' motion which was for summary judgment on the issue of the defendant's liability on the second cause of action.

However, All Seasons failed to establish, prima facie, its entitlement to judgment as a matter of law with respect to the issue of damages on its second cause of action. Although the Supreme Court did not err in denying that branch of the defendant's cross motion which was, in effect, to strike certain portions of Suto's affidavit (*see Rivers v Birnbaum*, 102 AD3d 26, 31 [2012]; *see generally* Siegel, NY Prac § 281 at 482 [5th ed 2011]), the affidavit was nevertheless insufficient to establish, as a matter of law, the amount of damages sustained by All Seasons as a result of the defendant's breach of the APA (*see generally Berley Indus. v City of New York*, 45 NY2d 683, 686-687 [1978]). Accordingly, the court properly denied that

branch of All Seasons' motion which was for summary judgment on the issue of damages on the second cause of action, without regard to the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of the defendant's cross motion which was for summary judgment on its second counterclaim, which was asserted against both of the plaintiffs. The defendant failed to establish, prima facie, that the prepayment amount that it tendered pursuant to the APA exceeded the amount of commissions earned by the plaintiffs under the terms of the parties' agreements. Accordingly, that branch of the defendant's cross motion was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see id.* at 853). For the same reasons, the court properly denied those branches of the defendant's cross motion which were for summary judgment dismissing the second cause of action and so much of the third cause of action as sought damages.

Contrary to the plaintiffs' contention, the defendant properly denominated its request for summary judgment on its counterclaim against Flood as a cross motion. In addition to seeking summary judgment on its counterclaim against Flood, the defendant also sought summary judgment dismissing the second cause of action and so much of the third cause of action as sought damages, and therefore sought affirmative relief against All Seasons, which was the moving party (*see Mora v Nakash*, 118 AD3d 964, 965 [2014]; *Darras v Romans*, 85 AD3d 710, 711-712 [2011]). Accordingly, the Supreme Court properly directed Flood to comply with her obligations under paragraph 5 (d) of the Employment Agreement.

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination. Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.