Kapoor v AWI Wireless, LLC (2018 NY Slip Op 02197)





Kapoor v AWI Wireless, LLC


2018 NY Slip Op 02197


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05905
2016-10092
 (Index No. 14434/12)

[*1]Ashish Kapoor, etc., appellant, 
v
AWI Wireless, LLC, respondent.


Coritsidis & Lambros, PLLC, New York, NY (Jeffrey A. Gangemi, Frank Jordan, and Michael N. Coritsidis of counsel), for appellant.
The Chatrath Law Firm, P.C., Mineola, NY (Sandeep Chatrath of counsel), for respondent.



DECISION & ORDER
Appeals from (1) a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered April 28, 2016, and (2) an order of that court dated August 5, 2016. The judgment, upon an order of the same court dated November 6, 2014, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denying that branch of the plaintiff's motion which was for summary judgment on the issue of damages, after a nonjury trial on the issue of damages, and upon a decision of the same court dated April 8, 2016, is in favor of the defendant and against the plaintiff dismissing the complaint. The order dated August 5, 2016, denied the plaintiff's motion pursuant to CPLR 4404(b) and CPLR 5015 to vacate the judgment and set aside the decision, and for a new trial.
ORDERED that the judgment is reversed, on the law, the complaint is reinstated, that branch of the plaintiff's motion which was for summary judgment on the issue of damages is granted, the order dated November 6, 2014, is modified accordingly, the decision is vacated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment, inter alia, in favor of the plaintiff and against the defendant in the principal sum of $201,665.05; and it is further,
ORDERED that the appeal from the order dated August 5, 2016, is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2008, the plaintiff entered into a three-year contract with the defendant to sell cell phone equipment and subscriptions through a retail store he operated in Manhattan. The defendant had a "master dealer" agreement with AT & T Mobility II, LLC (hereinafter AT & T), and the plaintiff agreed to act as a "sub-dealer" of the defendant. Each month, AT & T paid the defendant commissions based on revenue generated by the plaintiff, and the defendant distributed a portion of those commissions to the plaintiff. The parties' contract expired at the end of February 2011, but they continued doing business pursuant its terms until December 31, 2011. In the summer of 2011, [*2]the plaintiff informed the defendant that beginning on January 1, 2012, he would start doing business directly with AT & T as a master dealer. The defendant did not pay the plaintiff his commissions for November or December 2011.
In November 2012, the plaintiff commenced this action to recover damages for breach of contract. In its answer to the complaint, the defendant asserted a counterclaim to recover damages for breach of contract, alleging that the plaintiff violated the terms of their contract by failing to assign the lease to his retail store to the defendant when their business relationship ended. In May 2014, the plaintiff moved for summary judgment on the complaint and dismissing the defendant's counterclaim. In support of the motion, the plaintiff submitted, inter alia, an account statement produced by the defendant during discovery which reflected that, as of December 31, 2011, it owed the plaintiff commissions in the sum of $201,665.05. In its opposition to the motion, the defendant did not dispute the authenticity or accuracy of the account statement. Rather, the defendant argued that the value of the unpaid commissions should be offset by damages it suffered as a result of the plaintiff's failure to assign the lease. In addition, on June 14, 2014, more than 1½ years after the action was commenced, the defendant cross-moved to compel arbitration. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendant's counterclaim, denied that branch of the plaintiff's motion which was for summary judgment on the issue of damages, and denied the defendant's cross motion.
As this matter progressed toward a trial on the issue of damages, the defendant filed a motion for summary judgment dismissing the complaint and a separate motion, inter alia, to vacate the note of issue. The Supreme Court denied the defendant's motion for summary judgment, finding that it was, in effect, a motion for leave to renew or reargue the issues resolved by its prior order. The court also denied that branch of the defendant's separate motion which was to vacate the note of issue.
Following a nonjury trial on the issue of damages, the Supreme Court issued a decision finding that the plaintiff failed to prove his damages. A judgment was entered upon the decision which is in favor of the defendant and against the plaintiff dismissing the complaint.
Thereafter, the plaintiff moved pursuant to CPLR 4404(b) and CPLR 5015 to vacate the judgment and set aside the decision, and for a new trial. In an order dated August 5, 2016, the Supreme Court denied the motion. The plaintiff appeals from the judgment and the order dated August 5, 2016.
The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the issue of damages. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (B & H Assoc. of NY, LLC v Fairley, 148 AD3d 1097, 1098 [internal quotation marks omitted]; see 143 Bergen St., LLC v Ruderman, 144 AD3d 1002, 1003; Tudor Ins. Co. v Unithree Inv. Corp., 137 AD3d 1259, 1260; PFM Packaging Mach. Corp. v ZMY Food Packing, Inc., 131 AD3d 1029, 1030). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting a copy of the contract executed by the parties, the defendant's account statement, which showed that, as of December 31, 2011, the defendant owed the plaintiff the sum of $201,665.05, and a personal affidavit in which the plaintiff asserted that the parties continued doing business pursuant to the terms of the contract after it expired, and that he was never paid the $201,665.05 he was owed (see B & H Assoc. of NY, LLC v Fairley, 148 AD3d at 1099; 143 Bergen St., LLC v Ruderman, 144 AD3d at 1003).
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendant did not present evidence challenging the existence of the contract or the allegation that it did not pay the plaintiff commissions for November and December 2011. The defendant also did not dispute the authenticity or accuracy of the account statement. The only argument advanced by the defendant in opposition to the plaintiff's motion was that it was not obligated to pay the plaintiff the sum of $201,665.05 because, as alleged in its [*3]counterclaim, the plaintiff had breached the contract by failing to assign the lease to his retail store to it upon the termination of their business relationship, and that the defendant had suffered damages that could be applied to offset the unpaid commissions. However, the Supreme Court properly rejected this argument and dismissed the counterclaim on the ground that the plaintiff was not required to assign the lease since the defendant did not make a written demand therefor, as required by the contract. Accordingly, in addition to awarding the plaintiff summary judgment on the issue of liability, the court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court