Larsen v Ciolli (2018 NY Slip Op 07300)





Larsen v Ciolli


2018 NY Slip Op 07300


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-13318
 (Index No. 150771/13)

[*1]Robert Larsen, respondent, 
v
Frank Ciolli, doing business as Grimaldi's Pizzeria, appellant, et al., defendants.


McCue Sussmane Zapfel Cohen & Youbi, P.C., New York, NY (Kenneth S. Sussmane of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Frank Ciolli, doing business as Grimaldi's Pizzeria, appeals from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated November 30, 2016. The judgment, upon an order of the same court (Charles M. Troia, J.) dated January 15, 2016, denying that defendant's motion for summary judgment dismissing the fraud and breach of contract causes of action insofar as asserted against him, and upon a jury verdict, is in favor of the plaintiff and against that defendant on the breach of contract cause of action in the principal sum of $200,000.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the motion of the defendant Frank Ciolli, doing business as Grimaldi's Pizzeria, which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against him is granted, and the order dated January 15, 2016, is modified accordingly.
The plaintiff entered into an oral agreement with the defendant Frank Ciolli, doing business as Grimaldi's Pizzeria (hereinafter the defendant), the owner of Grimaldi's Pizzeria, whereby the defendant agreed that his restaurants would purchase mozzarella cheese produced by the plaintiff at a facility the plaintiff owned. It was undisputed that beginning in August or September 2012, the plaintiff began to produce and deliver cheese to Grimaldi's restaurants. In October 2012, the plaintiff's facility was destroyed by Hurricane Sandy, and ceased operations. For a short period of time after the hurricane, the plaintiff purchased cheese from another cheese
producer and sold it to Grimaldi's. However, the operators of the Grimaldi's restaurants were dissatisfied with that cheese, and stopped purchasing it from the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and fraud. The defendant's motion for summary judgment dismissing the breach of contract and fraud causes of action insofar as asserted against him was denied in an order dated January 15, 2016. The matter thereafter proceeded to trial. The jury rendered a verdict in favor of the defendant as to the fraud cause of action, and found in favor of the plaintiff with respect to the breach of contract cause of action, awarding damages on that cause of action in the principal sum of $200,000. The defendant's subsequent motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law was denied. The defendant appeals.
The defendant's contentions raised on his appeal from the order dated January 15, [*2]2016, concerning the denial of that branch of his motion which was for summary judgment dismissing the fraud cause of action, were rendered academic by the jury verdict in his favor on that cause of action. The defendant correctly contends, however, that summary judgment dismissing the breach of contract cause of action was warranted.
"To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594 [emphasis added]; see Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d 810; Legum v Russo, 133 AD3d 638, 639). Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by demonstrating that, following Hurricane Sandy, the plaintiff was unable to, and did not, perform the agreement to produce cheese at his facility to sell to the defendant's restaurants. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not assert that the defendant was obligated, pursuant to the oral agreement, to purchase cheese that the plaintiff procured from another cheese producer. Rather, he alleged that a representative of a Grimaldi's Pizzeria had agreed, prior to the hurricane, to buy cheese from another cheese producer. Even assuming the truth of that allegation, it did not entitle the plaintiff to recover damages for breach of contract because it is undisputed that Grimaldi's bought all of the cheese the plaintiff produced until his facility was destroyed, and that he was unable to perform pursuant to the agreement thereafter.
Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against him should have been granted. In light of this determination, we need not reach the defendant's remaining contentions.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court