Frank Samaritano, Respondent,
against
Ralph, LLC, Doing Business as Holguin, LLC, Appellant. 




Jonathan B. Altschuler, Esq., for appellant.
Michael A. King, Esq., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Lizette Colon, J.), entered December 21, 2017. The judgment, entered pursuant to a decision of that court dated September 28, 2017, after a nonjury trial, awarded plaintiff the principal sum of $23,000.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated September 28, 2017 is deemed a premature notice of appeal from the judgment entered December 21, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
In this action, plaintiff seeks to recover the sum of $23,000 based on defendant's alleged breach of contract. The evidence at a nonjury trial showed that, on November 17, 2012, defendant and plaintiff, a public adjuster, entered into a public adjuster compensation agreement regarding losses and damage that had been sustained by defendant on October 29, 2012 as a result of Hurricane Sandy. The agreement provides, in relevant part, that "[defendant] hereby retains [plaintiff] to act or aid in the preparation, presentation, adjustment, and negotiation of or effecting the settlement of the claim. . . and agrees to pay [plaintiff] for such services a fee of 10% of the amount of the loss including salvage when adjusted or when otherwise recovered." 
Thereafter, defendant recovered two flood-claim payments. On July 3, 2013, defendant received $263,655.90, and plaintiff received 10% of that amount from defendant pursuant to the parties' agreement. Plaintiff supplied defendant's counsel with a copy of his entire work product on the claim on March 15, 2014. On July 7, 2016, after a review of the claim by the Federal Emergency Management Agency (FEMA), defendant received an additional payment of $236,344.10, but defendant did not compensate plaintiff with 10% of that amount, claiming that plaintiff had "resigned" on March 15, 2014. Following the trial, the Civil Court awarded judgment to plaintiff in the sum of $23,000, representing his 10% compensation on the second flood-claim payment.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639 [2015]; see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594 [2017]). Here, although plaintiff supplied defendant with a copy of his work product on the claim on March 15, 2014, he did not forfeit his entitlement to compensation for his work under the parties' agreement. The evidence established that the second flood-claim payment was based upon a FEMA review of plaintiff's preparation of the claim. The amount of the loss sustained by defendant, to which plaintiff is entitled to 10% compensation pursuant to the parties' agreement, is the total of both claim payments. Thus, the Civil Court properly determined that defendant had breached the agreement and that plaintiff was entitled to compensation pursuant thereto.
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019