Matthews v Waters (2021 NY Slip Op 50228(U))

[*1]

Matthews v Waters

2021 NY Slip Op 50228(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-794 OR C

Robert Matthews, Appellant, 
against
Anna Marie Waters, Respondent. 

Robert Matthews, appellant pro se.
Anna Marie Waters, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Newburgh, Orange County (Paul D. Trachte,
J.), entered December 10, 2018. The judgment, entered upon an oral order of that court made on
November 28, 2018 granting a motion by defendant to dismiss the action, dismissed the
action.

ORDERED that, on the court's own motion, the notice of appeal from the oral order made on
November 28, 2018 is deemed a premature notice of appeal from the judgment entered
December 10, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, without costs, the oral order made on November
28, 2018 granting a motion by defendant to dismiss the action is vacated, and defendant's motion
is denied. 
In this small claims action, plaintiff seeks to recover the sum of $5,000 for breach of
contract, alleging that defendant failed to provide supervised visitation services in connection
with a Family Court proceeding. Defendant moved to dismiss the action. In an oral order made
on November 28, 2018, the City Court granted the motion on the ground that it lacked subject
matter jurisdiction to entertain the action, as it involves a Family Court matter. A judgment was
subsequently entered on December 10, 2018 dismissing the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
Here, plaintiff pleaded the elements of a cause of action for breach of contract, including its
existence, his performance under the contract, defendant's breach of her contractual [*2]obligations, and plaintiff's resulting damages (see 143 Bergen
St., LLC v Ruderman, 144 AD3d 1002, 1003 [2016]). Contrary to the City Court's
determination, this breach of contract claim is not within the exclusive jurisdiction of the Family
Court; rather, the City Court has subject matter jurisdiction over this action (see UCCA
1801). Consequently, the City Court's granting of defendant's motion to dismiss failed to render
substantial justice between the parties (see UCCA 1804, 1807), as defendant's motion
should have been denied.
Accordingly, the judgment is reversed, the oral order made on November 28, 2018 granting a
motion by defendant to dismiss the action is vacated, and defendant's motion is denied. 
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021