HSBC Bank USA, N.A. v Lien Thi Ngo (2021 NY Slip Op 04909)





HSBC Bank USA, N.A. v Lien Thi Ngo


2021 NY Slip Op 04909


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-09540
 (Index No. 501640/15)

[*1]HSBC Bank USA, N.A., respondent,
v
Lien Thi Ngo, appellant, et al., defendants.


Lien Thi Ngo, Brooklyn, NY, appellant pro se.
Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock and Sean C. McPhee of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lien Thi Ngo appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 2, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3211(a) to dismiss the counterclaims of the defendant Lien Thi Ngo and denied that defendant's motion for leave to amend her answer and counterclaims.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the plaintiff's cross motion which were to dismiss the counterclaims of the defendant Lien Thi Ngo to recover damages for violation of General Business Law § 349 and for an award of attorneys' fees pursuant to Real Property Law § 282, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Lien Thi Ngo which was for leave to amend her answer to assert an amended counterclaim to recover damages for violation of General Business Law § 349, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2015, the plaintiff commenced this action to foreclose a mortgage against the defendant Lien Thi Ngo (hereinafter the defendant), among others. The defendant interposed an answer with counterclaims. Subsequently, the defendant moved for leave to amend the answer and counterclaims. The plaintiff cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the
counterclaims. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaim to recover damages pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) for failure to state a cognizable cause of action, as the plaintiff is not a "debt collector" as defined by that statute (15 USC § 1692a[6]; see Pirrelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 693; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651, 653).
The Supreme Court also properly granted that branch of the plaintiff's cross motion [*2]which was pursuant to CPLR 3211(a)(5) to dismiss the counterclaim to recover damages under the Truth in Lending Act (15 USC § 1601 et seq.) as time-barred (see 15 USC § 1640[e]; Karakus v Wells Fargo Bank, N.A., 941 F Supp 2d 318, 326 [ED NY]; Grimes v Fremont Gen. Corp., 785 F Supp 2d 269, 285 [SD NY]).
In addition, the Supreme Court properly granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaim to recover damages under the Real Estate Settlement Procedures Act (12 USC § 2601 et seq.; hereinafter RESPA). The counterclaim alleged, among other things, that the plaintiff failed to respond to a "qualified written request[ ]" sent pursuant to that statute. However, a challenge to the terms of a loan is not a proper subject of a RESPA "qualified written request"; consequently, this counterclaim failed to state a RESPA cause of action (12 USC § 2605[e]; see Sutton v Citimortgage, Inc., 228 F Supp 3d 254, 265 n 8 [SD NY]).
However, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaim to recover damages for violation of General Business Law § 349. To state a cause of action to recover damages for violation of General Business Law § 349, the complaint must allege that "'a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice"' (Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941, quoting City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621; see Stutman v Chemical Bank, 95 NY2d 24, 29; North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11). Here, the General Business Law § 349 counterclaim alleges, in effect, that the plaintiff engaged in deceptive conduct by miscommunicating the terms of a temporary forbearance agreement and by failing to timely disclose to the defendant that partial mortgage loan payments made during the forbearance period would result in a default. The counterclaim further alleges that the defendant suffered damages that were proximately caused by that action, including "financial . . . harm." Those allegations, liberally construed (see Leon v Martinez, 84 NY2d 83, 87-88), sufficiently pleaded deceptive conduct that was consumer-oriented, resulting in damages (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25-26; Popular Fin. Servs., LLC v Williams, 50 AD3d 660, 661).
As the General Business Law § 349 counterclaim stated a cause of action for relief, the Supreme Court erred in directing dismissal of the defendant's counterclaim for an award of attorneys' fees pursuant to Real Property Law § 282 (see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776). 
Leave to amend a pleading should be freely given absent prejudice or surprise, and a court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face (see Greco v Christoffersen, 70 AD3d 769, 770; Rosicki, Rosicki & Assoc., P.C. v Cochems, 59 AD3d 512, 514). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362; see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853; U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542).
The Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were for leave to amend the answer to assert an amended RESPA counterclaim and a counterclaim to recover damages for negligent misrepresentation. The proposed amended RESPA counterclaim was patently without merit, as the defendant did not allege that she sent to the plaintiff a "qualified written request," as defined by the applicable statutory provision (12 USC § 2605[e]; see Sutton v Citimortgage, Inc., 228 F Supp 3d at 265 n 8). Further, the proposed counterclaim to recover damages for negligent misrepresentation was patently without merit. "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (Kimmell v Schaefer, 89 NY2d 257, 263; see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 578). "[A]n arm's length borrower-lender relationship . . . does not support a cause of action for negligent [*3]misrepresentation" (Dobroshi v Bank of Am., N.A., 65 AD3d 882, 884; see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d at 578). Here, the proposed counterclaim failed to allege that the plaintiff owed to the defendant a duty that would support a negligent misrepresentation counterclaim (see Dobroshi v Bank of Am., N.A., 65 AD3d at 884; River Glen Assoc. v Merrill Lynch Credit Corp., 295 AD2d 274, 275).
However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for leave to amend the answer to assert an amended counterclaim to recover damages for violation of General Business Law § 349. The proposed amended counterclaim sufficiently alleged deceptive conduct that was consumer-oriented, resulting in damages (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25-26; Popular Fin. Servs., LLC v Williams, 50 AD3d at 661). Further, the plaintiff did not show that it would be surprised or prejudiced by the amendment of this counterclaim (see Ditech Fin., LLC v Khan, 189 AD3d at 1362; PennyMac Corp. v Khan, 178 AD3d 1064, 1067).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court