Klein v Signature Bank, Inc. (2022 NY Slip Op 02536)

Klein v Signature Bank, Inc.

2022 NY Slip Op 02536

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-05081
 (Index No. 502382/18)

[*1]Yoel Klein, et al., appellants, 
v
Signature Bank, Inc., et al., respondents (and a third-party action).

Berg & David PLLC, Brooklyn, NY (Gordon Speckhard and N. Dean Boyer of counsel), for appellants.
Meyner and Landis LLP, New York, NY (David B. Grantz of counsel), for respondent Signature Bank, Inc.
Levine & Associates, P.C., Scarsdale, NY (Michael Levine of counsel), for respondent Joel Horowitz.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 20, 2019. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of actions to recover damages for breach of contract against the defendant Signature Bank, Inc., and for leave to amend the complaint to assert (1) amended causes of action to recover damages for breach of contract and violation of the plaintiffs' right to stop payment pursuant to UCC 4-403 (proposed 1st and 9th causes of action), (2) a cause of action to recover damages for negligence (proposed 2nd cause of action) against the defendant Signature Bank, Inc., (3) causes of action to recover damages for breach of fiduciary duty (proposed 11th cause of action) and breach of contract (proposed 12th and 13th causes of action), and for a declaratory judgment (proposed 20th cause of action) against the defendant Joel Horowitz, and (4) a cause of action to impose a constructive trust (21st cause of action) against Christa Lynn, LLC, and granted those branches of the cross motion of the defendant Signature Bank, Inc., which were for summary judgment dismissing the causes of action to recover damages for breach of contract and violation of the plaintiffs' right to stop payment pursuant to UCC 4-403 against it.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for leave to amend the complaint to assert causes of action to recover damages for breach of fiduciary duty (proposed 11th cause of action) and breach of contract (proposed 12th and13th causes of action), and for a declaratory judgment (proposed 20th cause of action) against the defendant Joel Horowitz, and to assert a cause of action to impose a constructive trust (21st cause of action) against Christa Lynn, LLC, and substituting therefor a provision granting those branches of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Signature Bank, Inc., payable by the plaintiffs.
The plaintiffs, Yoel Klein and Joel K Holdings, LLC (hereinafter JK Holdings), commenced this action against the defendants, Signature Bank, Inc. (hereinafter the bank) and Joel Horowitz, inter alia, to recover damages for breach of contract. The plaintiffs alleged, inter alia, that in late 2017, Klein borrowed from Horowitz the sum of $1 million. The plaintiffs alleged that as collateral for the loan, Klein proffered to Horowitz two checks for $500,000 each, both dated December 28, 2017. The checks were written on an account of JK Holdings at the bank. According to the complaint, Klein and Horowitz agreed that Klein would repay the loan prior to December 28, 2017, and that Horowitz would then destroy or return the two checks after the loan was paid. The complaint further asserted that Klein and Horowitz subsequently agreed that the loan could be repaid in installments, with the final balance due on January 18, 2018.
The complaint further alleged that Klein repaid the loan prior to the agreed-upon date, but that on January 19, 2018, Horowitz deposited the checks into a personal account at the bank, and then immediately transferred the subject funds to his business account in the name of Christa Lynn, LLC (hereinafter Christa Lynn), at the bank. Moreover, it is alleged that the bank refused the plaintiffs' stop payment request in connection with the checks or to return to the plaintiffs the disputed funds.
As against the bank, the complaint alleged, inter alia, that based on a prior course of conduct, the bank breached its "implied" agreement with the plaintiffs by failing to contact Klein for his "authorization" or "verification" prior to allowing Horowitz to deposit the two checks and then transfer the subject funds to the Christa Lynn account. The complaint further alleged that the bank violated UCC 4-403 in failing to honor Klein's subsequent requests to stop payment of the two checks. The complaint also asserted causes of action against Horowitz, inter alia, to recover damages for breach of contract in connection with the cashing of the checks and the transferring of the funds into the Christa Lynn account.
The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the breach of implied contract cause of action against the bank and for the bank's alleged breach of the parties' contract in failing to execute the plaintiffs' stop payment order. Further, the plaintiffs sought leave to amend the complaint to assert, inter alia, a cause of action to recover damages for negligence against the bank and amended causes of action to recover damages for breach of contract and for violation of the plaintiffs' right to stop payment pursuant to UCC 4-403 (hereinafter the UCC stop-payment cause of action) against the bank. The plaintiffs additionally sought leave to amend the complaint against Horowitz to assert causes of action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for a declaratory judgment relating to a prior real estate venture between Klein and Horowitz, and to assert a cause of action against Christa Lynn to impose a constructive trust. The bank cross-moved, among other things, for summary judgment dismissing the breach of contract causes of action and the UCC stop-payment cause of action against it.
In an order dated February 20, 2019, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the breach of contract causes of action against the bank, and granted those branches of the bank's cross motion which were for summary judgment dismissing the breach of contract causes of action and the UCC stop-payment cause of action against it. The court also denied that branch of the plaintiffs' motion which was for leave to amend the complaint.
The Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the breach of contract causes of action, and properly granted those branches of the bank's cross motion which were for summary judgment dismissing the breach of contract causes of action and the UCC stop-payment cause of action against it.
"To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594; see Ramirez v Donado Law Firm, P.C., 169 [*2]AD3d 940, 943).
Parol evidence may be admissible to supplement the terms of a written contract only where the written contract is ambiguous. "The threshold question of whether a contract is unambiguous, and the subsequent construction and interpretation of an unambiguous contract, are issues of law within the province of the court" (NRT N.Y., LLC v Harding, 131 AD3d 952, 954; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163). "'A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 655, quoting Greenfield v Philles Records, 98 NY2d 562, 569 [internal quotation marks omitted]).
The plaintiffs contend that the prior course of dealing between the plaintiffs and the bank created an implied obligation for the bank to obtain verification or authorization from Klein prior to depositing or cashing certain checks written on his accounts or the account of JK Holdings. However, the business account agreement governing the account of JK Holdings provided that it could not be "explained or supplemented" by any prior or contemporaneous course of dealing between the parties, that any prior course of dealing would not constitute an implied waiver of the bank's rights, and that none of the bank's rights could be waived orally. The business account agreement also contained a merger clause that provided that the written agreement "sets forth the entire agreement and understanding of [the plaintiffs] and the Bank," that all prior or contemporaneous agreements and understandings "are deemed to be merged into and included in [the] Agreement," and that "neither party is relying on any promise, agreement or understanding not set forth in [the] Agreement." Contrary to the plaintiffs' contention, the provision of the business account agreement that prohibits any implied waivers of the bank's rights is unambiguous (see Yarom v Poliform S.P.A., 153 AD3d 760, 762; B & H Assoc. of N.Y., LLC v Fairley, 148 AD3d 1097, 1099; Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d 895, 897-898). Based on the unambiguous terms of the business account agreement, to allow parol evidence regarding an alleged course of conduct to supplement the agreement would improperly "negate the merger clause" (Schron v Troutman Sanders LLP, 20 NY3d 430, 437; see Union Chelsea Natl. Bank v PGA Mktg. Ltd., 166 AD2d 369, 370).
Contrary to the plaintiffs' contention, the provision of the business account agreement governing verification of deposits is unambiguous, and therefore, parol evidence of the parties' course of dealing is not admissible to define the meaning of the term verification and to supplement the terms of the written agreement. On its face, that provision expressly applies only to verification of deposits made by an account holder, and thus, it is not applicable to these circumstances. Therefore, on its face, the written agreement does not expressly provide that the bank was required to obtain verification or authorization from the plaintiffs prior to allowing deposit of the two checks by Horowitz.
Accordingly, the bank demonstrated, as a matter of law, that it did not breach the business account agreement in failing to obtain authorization or verification prior to allowing the deposit of the subject checks (see Yarom v Poliform S.P.A., 153 AD3d at 762; B & H Assoc. of NY, LLC v Fairley, 148 AD3d at 1099; Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d at 897-898). Therefore, the bank established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of implied contract based on a course of conduct and, in opposition, the plaintiffs failed to raise a triable issue of fact.
Contrary to the plaintiffs' further contention, the bank showed, prima facie, that it did not breach the agreement by failing to stop payment of the subject checks. Although the plaintiffs raised this argument for the first time in their summary judgment motion, this argument is based on allegations that were pleaded in the complaint. Therefore, this argument was properly considered by the Supreme Court (see E. Tetz & Sons, Inc. v Polo Elec. Corp., 129 AD3d 1014, 1015; Boyle v Marsh & McLennan Cos., Inc., 50 AD3d 1587, 1588; see also McCovey v Williams, 105 AD3d 819, 819-820).
However, the bank demonstrated, prima facie, that it did not breach any provision of the business account agreement in failing to stop payment of the subject checks, and the plaintiffs raised no triable issues of fact in opposition to that showing. The relevant provision of the agreement, paragraph 24, provides that a customer "may request that payment be stopped on any Check that you have written provided the Check has not been paid before the Bank has had a reasonable period of time to act on the stop payment request." The agreement does not specifically define the term "paid," as used in paragraph 24, and therefore, that term is defined by UCC 4-213(1) (see Dolman v United States Trust Co. of N.Y., 2 NY2d 110, 116; see generally Burns v Burns, 163 AD3d 210, 214). UCC 4-213(1) provides that an item is "finally paid" when the first of certain enumerated events occurs. One of those events is when the payor bank has "completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith" (id.).
The record here showed, prima facie, that the bank completed the process of posting the subject checks to the account of the drawer, JK Holdings prior to any stop-payment request by the plaintiffs, and the plaintiffs raised no triable issues of fact in opposition to that showing. Therefore, the bank was entitled to summary judgment dismissing the breach of contract causes of action insofar as predicated on the stop-payment requests (see New York Commercial Bank v Jacobs, 200 AD3d 991; A.N.R. Inv. Co. Ltd. v HSBC Private Bank, 135 AD3d 632, 633-634).
Further, the Supreme Court properly granted that branch of the bank's cross motion which was for summary judgment dismissing the UCC stop-payment cause of action. Contrary to the plaintiffs' contention, the bank demonstrated as a matter of law that it did not violate the plaintiffs' right to stop payment pursuant to UCC 4-403, and the plaintiffs failed to raise a triable issue of fact. Pursuant to UCC 4-403(1), similar to the language in the parties' agreement, a stop payment order "must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in Section 4-303." Here, as previously discussed, the bank received the stop payment order subsequent to having "finally paid" the checks, as it had "completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith" (id. § 4-213 [1][c]). The bank did not have a reasonable opportunity to act on the stop payment order (see id. § 4-403[1]).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a negligence cause of action, amended breach of contract causes of action, and an amended UCC stop-payment cause of action against the bank. A motion for leave to amend a complaint should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Landsman v Tolo, 194 AD3d 1034, 1035; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703, 705).
The proposed negligence cause of action was patently without merit, given the language of the business account agreement barring an account holder from asserting a negligence cause of action. Based on the foregoing, the proposed amended breach of contract causes of action and the amended UCC stop-payment cause of action against the bank were patently without merit, as the bank showed, as a matter of law, that it did not commit the alleged breaches of the agreement or violate the plaintiffs' right to stop payment pursuant to UCC 4-403 (see Yarom v Poliform S.P.A., 153 AD3d at 762; B & H Assoc. of NY, LLC v Fairley, 148 AD3d at 1099; see also New York Commercial Bank v Jacobs, 200 AD3d at 992; A.N.R. Inv. Co. Ltd. v HSBC Private Bank, 135 AD3d at 633-634). Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to amend the complaint against the bank (see HSBC Bank USA, N.A. v Lien Thi Ngo, 197 AD3d 1102, 1105; Oppedisano v D'Agostino, 196 AD3d 497, 498).
However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the complaint to assert additional causes of action against Horowitz and to assert a cause of action against Christa Lynn. Horowitz did not show that prejudice would result from the amendments, and the proposed amendments, almost all of which are related to the allegations of Horowitz's counterclaims, were not shown to be patently [*3]without merit (see HSBC Bank USA, NA v Lien Thi Ngo, 197 AD3d at 1105; Oppedisano v D'Agostino, 196 AD3d at 498).
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court